IrLANDRIEU, Judge.
Rauscher Pierce Refsnes, Inc. (Rauscher) submitted a claim against Lloyd Cooper Flatt and Victoria May Flatt (the Flatts) for arbitration under the New York Stock Exchange, Inc. (NYSE) Rules. A three member arbitration panel (the Arbitrators) found in favor of the Flatts and awarded them damages. Rauscher filed a motion to vacate the arbitration award. The trial court confirmed the award and both Rauscher and the Flatts appeal. We amend, and affirm as amended.

FACTS

Rauscher, an investment brokerage firm, initiated a lawsuit in Civil District Court, Parish of Orleans, in January 1991 seeking recovery of a $281,277.56 deficiency balance from the Flatts, its brokerage client. On December 17, 1991, the Flatts filed for a reeonventional demand for damages alleging that their losses were due to the manipulation of their Rauscher broker, Daniel Wor-thington. The Flatts claimed that Wor-thington had fraudulently induced them to purchase 465,000 shares of Entronics stock which declined in value and caused the deficiency in the Flatts’ account. The Flatts asserted claims for violations of the Louisiana Blue Sky |2Law[1] and federal securities law[2] as well as for breach of fiduciary duty, fraudulent or negligent misrepresentations, fraudulent inducement, breach of contract, and failure to supervise.
Rauscher then moved to compel arbitration of all claims, except the Flatts’ federal securities law claims, on the basis of a Customer Agreement signed by Rauscher and Lloyd Flatt[3] and under the provisions of the *539 Louisiana Arbitration Law.[4] In June 1992 the trial court granted the motion to compel arbitration of the state law claims and denied Rauscher’s motion to stay the federal securities law claims. Rauscher then filed a motion to compel arbitration of the federal securities law claims. The trial court denied Rauscher’s motion but this court reversed, holding that a later signed Client Option Agreement superseded the earlier language in the Customer Agreement. See Rauscher Pierce Refsnes, Inc. v. Flatt, 93—1672 (La. App. 4th Cir. 2/11/94), 632 So.2d 807. Accordingly, the entire matter was submitted to arbitration.
The dispute was heard by a three member panel in sixteen half-day sessions over a seven month period. They heard testimony from fifteen witnesses and reviewed over a hundred exhibits. Testimony revealed that Worthington manipulated the Flatts to purchase large blocks of Entronies stock by misleading the Flatts into believing that Worthington had inside information indicating stock prices were going to rise. At the same time, Worthington was selling a large number of shares of Entronies owned by the two most senior officers of the company who happened also to be his clients. The Flatts ultimately obtained 10% of Entronies’ stock. The price of the stock then plummeted resulting in losses to the Flatts of over $1,000,-000.00.
On December 1, 1994, the Arbitrators rendered a judgment in favor of the Flatts and awarded them $911,875.81. On January 12, 1995, the Flatts filed a Motion to Confirm Arbitration Award in the Civil District Court for the Parish of Orleans[5] and made the additional requests of pre-judgment interest on the award and attorney’s fees and costs that he had incurred and would incur in compelling Rauscher to honor the award. Rauscher countered by filing a Motion to Vacate the arbitration award and on March 18, 1995, the trial court confirmed the ^arbitration award and rendered judgment in favor of the Flatts in the amount of $911,-875.81 which included costs and interest.
In support of its appeal, Rauscher claims:
1. The trial court erred by denying Rauseher’s motion to vacate the arbitration award and by refusing to refer the arbitration back to a new panel because the arbitration hearing was unfair;
2. The arbitration hearing was fundamentally unfair because
a. The Arbitrators engaged in misconduct by refusing to hear pertinent and material evidence, by denying Rauscher access to material held by Flatt, and by facilitating Flatt’s “bait and switch” tactic to change his allegation irom “manipulation” to “unsuitability” at the outset of the hearing;
b. Rauscher was severely prejudiced by its being denied access to certain material records and witness testimony, by its not being allowed to discover and present certain *540 evidence about Flatt’s investment experience, and by its not being allowed to discover and present testimony from Flatt’s divorce proceedings;
3. The trial court erred in refusing to vacate the attorneys’ fees; and
4. The Arbitrators exceeded their power in awarding attorneys’ fees incurred in the prior state court action.
The Flatts appeal because the trial court erred in failing to award legal interest from the date of judicial demand and attorneys’ fees incurred in opposing Rauscher’s motion to vacate.

DISCUSSION

Standard Fundamental Fairness of Proceedings

Rauscher claims that, because it was denied a fair hearing by the Arbitrators, the award should be vacated and the trial court should order another hearing with a different panel. Courts are generally wary of claims of arbitrator misconduct based on procedural rulings and the standard for judicial review for |6vacatur of an arbitration award is severely limited. Arbitration awards are presumed to be valid because of the strong public policy that favors arbitration. National Tea Co. v. Richmond, 548 So.2d 930, 932 (La.1989). This policy is summarized in National Tea as follows:
Arbitration is a substitute for litigation. The purpose of arbitration is settlement of differences in a fast, inexpensive manner before the tribunal chosen by the parties. That purpose is thwarted when parties seek judicial review of an arbitration award.
Id. at 933.
The Louisiana Code sets forth very limited grounds for vacatur or rehearing of an arbitration award consistent with the public policy that favors arbitration. La.Rev.Stat.Ann. 9:4210 (West 1991) states:
“In any of the following cases the court in and for the parish wherein the award is made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their power or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.”[6]
Rauscher argues that the relevant inquiry is whether it was denied a fundamentally fair hearing and this court need not find any dishonesty or bias on part of the Arbitrators in order to overturn their award. Vacatur is appropriate if the Arbitrators’ action of excluding evidence so affected Rauscher’s rights that it was deprived of a fair hearing. Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas Local 901, 763 F.2d 34, 40 (1st Cir.1985). Therefore, a review of the Arbitrators’ actions is needed to determine whether Rauscher’s due process was violated.

Alleged Misconduct of Arbitrators

The Flatts assert that their claim was not based on the “suitability” of the Enfron-tes investment for them, but was based on Rauseher’s self-interest in selling Enfrontes stock to the Flatts. Rauscher contends that the Flatts’ claim was, in actuality, one of “suitability” and that the Arbitrators, being cognizant of this, should have allowed the admission of the Flatts’ tax returns and transcripts from their divorce proceeding to show that the Flatts were sophisticated investors who routinely took risks investing large amounts of money.
*541 However, the Arbitrators did not view the Flatts’ claim as one of “suitability.” During the arbitration hearing, the Arbitrators on more than one occasion stated that they considered the case as a manipulation case and had no intention of treating it as a suitability case. The NYSE Arbitration Rule 620 expressly grants the arbitrators in each ease full discretion over all evidentiary matters by stating that “[t]he arbitrators shall determine the materiality and relevance of any evidence proffered.” Therefore, the Arbitrators had the authority to determine what evidence was material to the Flatts’ claim of manipulation.
Rauscher claims that the Arbitrators erred in refusing to admit the Flatts’ tax returns as proof that L. Flatt routinely bought large amounts of a single company’s stock and that his purchase of 10% of all of Entronies stock was characteristic of his previous stock purchases.[7] However, even though the returns were irrelevant Uto the manipulation claim that Rauscher used the Flatts’ purchase of Entronies stock to inflate its value, the tax returns were cumulative for the purpose Rauscher asserts they are needed. The Flatts’ accounts with other brokerage firms, which indicate his pattern and history of stock purchases, were admitted. Rauscher’s argument that the Arbitrators’ refusal to admit the returns caused an unfair hearing is without merit.
Rauscher further claims the Arbitrators erred by not allowing deposition testimony from the Flatts’ divorce proceedings. Rauscher argues that the deposition shows that Lloyd Flatt, and not Rauscher’s agent, was the impetus for accumulating Entronies stock because of Flatt’s personal history with Entronies’ president Neal Young. After a lengthy hearing on the evidentiary matter, the Arbitrators found the divorce testimony irrelevant but allowed Rauscher to depose Young and the Flatts’ former accountant. Both testified to Young and L. Flatt’s personal relationship. We find that Rauscher was not prejudiced by the Arbitrator not admitting the divorce testimony since they were allowed to explore Young and L. Flatts’ relationship through direct testimony.
In summary, we find that Rauscher was given a fair hearing. The Arbitrators did not engage in any misconduct and their rulings on the admissibility of certain evidence was not prejudicial to Rauscher. We find no merit in these assignments of error.

Attorney’s Fees

Rauscher raises three challenges to Arbitrators’ attorneys’ fee award. First, Rauscher contends that the award violates Louisiana public policy because the IsArbitrators did not properly scrutinize the request. The Louisiana Supreme Court, in St. Tammany Manor, Inc. v. Spartan Bldg. Corp., 509 So.2d 424, 425 (La.1987), held that La.Rev.Stat. 9:4211 is the exclusive authority for a court to overturn an arbitration award. It states:
“In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
*542 The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.
La.Rev.Stat.Ann. 9:4211 (West 1981). Rauscher’s claim that the award should be vacated because it was not “properly5’ scrutinized is unpersuasive as improper scrutiny is not a condition listed. Furthermore, this argument is unfounded because the Arbitrators relied on L. Flatt’s counsel’s monthly invoices and detañed daüy time records to determine attorneys’ fees. No evidence was presented at the hearing that contradicted the validity of the information presented.
Second, Rauscher contends that the Arbitrators erred in awarding attorneys’ fees for the litigation in civü district court prior to the arbitration. Rauscher argues that there is no contractual or statutory basis for this award. We disagree. One of the claims the Flatts asserted in their reconventional demand against Rauscher was a violation of La.Rev.Stat. 51:714(A) which was formerly known as the Louisiana Blue Sky Law. This statute authorizes the awarding of attorney’s fees as an element of damage.[8] Additionally, Rauscher first initiated suit in the ^district court compelling the Flatts to defend but then forced the Flatts into arbitration. Rauscher cannot now claim, having compelled arbitration, that it should not pay the fees the Flatts incurred in the initial suit which Rauscher initiated. The Arbitrators have great latitude in determining the award and this court will not disturb that finding.
Third, Rauscher argues that the award contained fees for future litigation. The Arbitrators do not have to give written reasons for their award and the parties are bound by the results. Transcontinental Drilling Co., Inc. v. Davis Oil Co., 354 So.2d 235, 238 (La.App. 4th Cir.1978). We find no error in the amount of attorneys’ fees awarded.

Legal Interest

The arbitration award did not address legal interest. However, the trial court, in its confirmation of the arbitration award, awarded interest from the date of the arbitration award. The Flatts argue that interest should accrue from December 17, 1991, the date on which they filed their reconven-tional demand. The standard for review of a trial court’s award is that of manifest error. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, — U.S. -, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
The Code does not allow for judicial discretion as to when the interest should accrue on cases submitted for arbitration. La.Civ.Code Ann. art. 3128 (West 1994) states:
| ip“The arbitrators may likewise pronounce by their award on the interest and costs; but their sñence on that subject is not cause for nullity. If legal interest would have been payable by law from the date of judicial demand, such legal interest awarded by the arbitrators shall attach from the date the matter was submitted to arbitration.”
On June 12,1992, this matter was submitted to arbitration. As a general rule, interest would accrue from that date.
However, the Flatts make a convincing argument that La.Rev.Stat. 13:4203 should control. It states that “[ljegal interest shall attach from the date of judicial demand, on all judgments, sounding in damages, ‘ex de-licto,’ which may be rendered by any of the courts.” La.Rev.Stat.Ann. 13:4203 (West 1991). This case presents an unusual situation because the matter was not submitted directly to arbitration which is what Article 3128 contemplates. Rather, the suit was initiated by Rauscher in civü district court triggering La.Rev.Stat. 13:4203. Therefore, we *543 find the trial court was manifestly wrong in assigning interest from the date of the arbitration award rather than the date of the reconventional demand.
Accordingly, we amend the judgment of the trial court to provide that interest shall accrue from December 17, 1991, and affirm the judgment as amended.

AMENDED AND AFFIRMED AS AMENDED.

. The Louisiana Security Blue Sky Law is now the Louisiana Securities Law. See La.Rev.Stat. Ann. 51:701 et seq. (West 1987 & Supp.1995).

. § 12(2) of the Federal Securities Act of 1933, 15 U.S.C.A. § 771 (West 1981).

.The agreement signed in August of 1987 stated in pertinent part that “[a]ny controversy between you [Rauscher] and the undersigned [Lloyd Flatt] arising out of or relating to this contract or breach thereof, shall be settled by arbitration, in accordance with the rules, then *539 obtaining, of the Board of Arbitration of the New York Stock Exchange. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. Notwithstanding the foregoing, you are not required to arbitrate any dispute or controversy that arises under federal Securities Laws, but instead can resolve any such dispute or controversy through litigation in the courts.”

. La.Rev.Stat.Ann. 9:4202 (West 1991) states:
"If any suit or proceedings brought upon any ■ issue referable to arbitration under an agreement in writing from arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terais of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration."

. La.Rev.Stat.Ann. 9:4209 (West 1991) states that
"[a]t any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
The above is consistent with federal language governing confirmation of arbitration awards. See 9 U.S.C.A. § 9 (West 1970).

. This language tracks that of the Federal Arbitration Act. See 9 U.S.C.A. § 10 (West 1970).

. The National Association of Securities Dealers, Inc., a securities self-regulatory agency, promulgated the following "suitability” rule:
"In recommending to a customer the purchase, sale, or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of facts, if any, disclosed by such customer, as to his security holdings and as to his financial situation and needs.” (Emphasis added).
Flatt testified that he had not disclosed his tax returns to Rauscher before his purchase of the Entronies stock. If Rauscher had not viewed Flatt’s returns, it is unclear how they could now be used to prove Rauscher used them as a basis for their recommendation to Flatt.

. La.Rev.Stat.Arm. 51:714(A) (West 1987) states:
"A. Any such person who violates R.S. 51:712(A) shall be liable to the person buying such security, and such buyer may sue in court to recover the consideration paid in cash or, if such consideration was not paid in cash, the fair value thereof at the time such consideration was paid for the security with interest thereon from the date of payment down to the date of repayment is computed in R.S. 51:714(C)(1), less the amount of any income received thereon, together with all taxable costs and attorney’s fees, upon the tender, where practical, of the security at any time before the entry of judgment, or for damages if he no longer owns the security ...” (Emphasis added).