677 So.2d 520 (1996)
Robert B. WELCH
v.
A.G. EDWARDS & SONS, INC. and Price Cane.
Nos. 95-CA-2085, 95-CA-2086.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1996.
*522 John C. Reynolds and Tracy R. Bishop, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, for Plaintiff/Appellant.
Earl S. Eichin, Jr., O'Neil, Eichin, Miller & Saporito, New Orleans, for Defendants/Appellees.
Before BARRY, LOBRANO and JONES, JJ.
JONES, Judge.
The sole issue presented in these consolidated cases is whether the trial court erred in denying a motion to vacate an arbitration award.

PROCEDURAL FACTS AND HISTORY OF THE CASE
Plaintiff, Robert Welch is a licensed securities broker in the City of New Orleans. He previously was employed by the brokerage house of Paine Webber, but in late August, 1984 was recruited by a former branch manager of A.G. Edwards & Sons, Inc. (Edwards). On August 31, 1984 plaintiff executed an employment agreement with Edwards and commenced his employment with Edwards in New Orleans, Louisiana.
In 1990 and 1991 two customer complaints were filed against Welch and Edwards resulting in arbitration proceedings before the National Association of Security Dealers (NASD). One case resulted in a decision in favor of the customer. Plaintiff received a fine from NASD for a violation of "Break point" sales, and plaintiff personally paid that fine. Edwards' office manager, Price Crane, received a letter of admonition for failure to properly supervise plaintiff. The other claim was settled, over plaintiff's initial objections, by Edwards at what it considered nuisance value.
Plaintiff alleges that during the pendency of the claims, defendant, Price Crane, the office manager, arbitrarily imposed varying and inconsistent sharing expense ratios against plaintiff to recoup monies and expenses paid out by Edwards in the two proceedings. Over plaintiff's repeated objections, Edwards, through Crane seized 75% of plaintiff's salary over a period of months during 1991 through 1993. This led to the seizure of $11,623.40. Edwards advised plaintiff that the seizures were made under the indemnity language of Paragraph 25 of the Investment Broker Agreement (herein referred to as the employment contract) signed between the parties which provided:
25. You will indemnify and hold Edwards harmless against any and all losses suffered by Edwards as the result of the violation by you of any of the aforesaid agreements. Both during and after the time you serve as an employee of Edwards (no matter what the reason for termination of your employment), Edwards may find it reasonable in the circumstances to charge you with the amount of any losses or liabilities incurred by the firm as a result of errors, rule violations or violations of Edwards' policies to which you were a party while you were in Edwards' employ. In that event, you undertake to promptly pay Edwards the full amount assessed against you by Edwards.
In April, 1993 plaintiff advised defendants that the seizures, under the guise of the contractual indemnity agreement, were illegal and against the public policy of the laws of the State of Louisiana pursuant to La.R.S. 9:3921 which grants employees absolute immunity from indemnity claims of an employer. Plaintiff argued that any contractual agreement to the contrary is an absolute nullity in Louisiana. Plaintiff allegedly sought return of the monies seized from April of 1993 up until September, 1993 when he was forced to resign due to the continued unfair treatment he felt he had been subjected to by defendants Crane and Edwards because of the refusal to return his illegally seized funds.
Prior to plaintiff's resignation, Edwards, in July, 1993 filed a claim with the New York Stock Exchange (NYSE) seeking indemnification for losses it sustained in connection with the customer claims filed against the plaintiff and Edwards. That action was apparently filed pursuant to the Investment Broker Agreement signed between the parties. Paragraph 26 of the agreement provided, in relevant part:

*523 26. You agree that any controversy or dispute arising between you and Edwards in respect to this agreement or your employment by Edwards shall be submitted for arbitration before the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc., unless Edwards exercises its right to seek an injunction in the event you breach or threaten to breach any of these standard provisions or any other provisions of any agreement between you and Edwards.
While the arbitration proceedings on this matter were still pending before the NYSE, plaintiff on October 5, 1993, filed two separate petitions against Edwards and Price Crane in the Civil District Court for the Parish of Orleans. The first petition was a petition for a writ of injunction directed to defendants restraining them from continuing to seize and withhold funds owed to plaintiff and further praying, that after due proceedings defendants be ordered to return the illegally seized funds. The second petition was a petition for declaratory judgment declaring that 1) the provisions of La.R.S. 9:3921 apply to this case; 2) the legal issue presented is not subject to arbitration; and 3) defendant Edwards has no right of contribution, division or indemnification from plaintiff for any sums paid by Edwards in the discharge of the arbitration judgment or the arbitration settlement in the customer complaint cases.
Following numerous procedural delays, defendant Edwards filed a dilatory exception of prematurity, or alternatively, a motion for summary judgment. Judgment was entered in favor of the defendant sustaining the exception and staying the injunction proceedings pending a decision in the NYSE arbitration matter. The arbitration proceedings went forth. Following a two day hearing, the arbitration panel issued a decision in favor of Edwards and adverse to the plaintiff ordering the plaintiff to pay defendant Edwards $22,750.00 in damages. Plaintiff then filed a motion in the trial court to vacate the arbitration award. Following a hearing, the trial court rendered judgment denying plaintiff's motion to vacate the arbitration award. Plaintiff appeals this judgment. Defendants filed a motion seeking damages for the filing of a frivolous appeal.

DISCUSSION AND LAW
On appeal plaintiff argues that the arbitration decision must be vacated under the provisions of La.R.S. 9:4210(D) and/or 9 U.S.C. § 10(d).[1] Both statutes contain identical language setting forth one of the exclusive grounds for vacating an arbitration award. La.R.S. 9:4210(D) and 9 U.S.C. § 10(a)(4) provide for the vacating of an arbitration award:
Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Plaintiff argues that the trial court erred in denying his motion to vacate the arbitration award rendered in favor of the defendants because an arbitration panel, convened and sitting in a Louisiana forum, cannot disregard the applicable substantive law and clear public policy of the State of Louisiana. More specifically, plaintiff argues that the indemnity provision of Paragraph 25 of the Investment Broker Agreement is an absolute nullity in Louisiana, since the employee is granted complete immunity from such an indemnity claim under La.R.S. 9:3921. Thus, according to plaintiff, the act of enforcing the contractual indemnity agreement constituted a "manifest disregard of the law" by the arbitration panel. For this reason, plaintiff argues the arbitrators exceeded their power and imperfectly executed them.
In denying the plaintiff's motion to vacate the arbitration award, the trial court declined to make a finding that the arbitrators had imperfectly executed their powers. While noting that the indemnity clause would fail and Edwards would lose if the case was tried in a Louisiana Court, the trial court correctly noted that arbitration was different. Consequently, the trial court refused to substitute its judgment for that of the arbitrators. The trial court's decision is amply supported by the jurisprudence. Louisiana courts and federal courts routinely hold that *524 absent the existence of one of the specified grounds for vacating an arbitration award, a reviewing court is prohibited from reviewing the merits of an arbitrator's decision. Charles Ragusa & Son, Inc. v. St. John the Baptist Parish School Bd. 629 So.2d 1302, 1303, 1304 (La.App. 4 Cir.1993), writ denied, 94-0100, (La. 3/11/94); 634 So.2d 395, citing, Firmin v. Garber, 353 So.2d 975 (La.1977). Further, a reviewing court may not substitute its own conclusions for that of the arbitrator. Allen v. A & W Contractors, 433 So.2d 839, 841 (La.App. 3rd Cir.), writ denied, 438 So.2d 578 (La.1983).
In denying the motion, the trial court correctly noted that the test for reversing an arbitration award under state law (La.R.S. 9:4210) and federal law (9 U.S.C. § 10) was the same and "limited".
Plaintiff's argument that the act of enforcing the contractual indemnity agreement between the plaintiff and his former employee constituted a "manifest disregard of the law" by the arbitration panel has no merit. "Manifest disregard of the law" by arbitrators is a judicially created ground for vacating an arbitration award and refers to error which was obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. The doctrine implies that the arbitrator appreciates existence of clearly governing legal principle but decides to ignore or pay no attention to it. Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc., 629 So.2d 1288, 1290 (La.App. 4th Cir.1993), writ denied, 94-0145 (La. 3/11/94); 634 So.2d 391. The doctrine has been previously accepted by Louisiana courts. Id. at 1290. However, errors of fact or law do not invalidate a fair and honest arbitration award. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989) citing St. Tammany Manor, Inc. v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987). Thus, the doctrine of "manifest disregard of the law" clearly requires more than simply an error of law on the part of an arbitrator.
Assuming arguendo that the arbitration panel erred in failing to apply Louisiana law on indemnity, the record contains no evidence to support a conclusion that this error was anything more than simply an error of law. There is no allegation or proof of dishonesty, bias, or any conscious attempt to disregard Louisiana law. Consequently, no showing of a "manifest disregard of the law" has been demonstrated.
Moreover, having reviewed the entire record, which includes the briefs filed with the NYSE and a transcript of the hearing held in the arbitration proceedings before the NYSE, we are not convinced that the arbitration panel erred in refusing to recognize and apply the statutory immunity of La.R.S. 9:3921 in the instant case.
The language found in Paragraph 27 of the employment contract between the plaintiff and defendant Edwards specifically called for Missouri law to be applied and both Missouri law and Federal law permit actions of indemnity by employers against employees, while Louisiana law prohibits such actions. Thus, it would not have been unreasonable for the panel to have concluded that Missouri law applied in this case.
Plaintiff's argument that the application of Missouri law is not applicable in this State because this was a contract of adhesion and because of the overriding public policy to protect Louisiana employees from having to indemnify their employers is unpersuasive for several reasons.
First, notwithstanding comments by the trial court to the effect that the contract between the parties had overtones of being a contract of adhesion, the trial court failed to invalidate the contract finding that it was significant that the contract had been the agreement between the parties since August 31, 1984. The court apparently felt that if the plaintiff felt the terms of the contract made it a contract of adhesion, litigation would have been instituted at an earlier date, prior to the occurrence of the events constituting the basis for indemnity. Irrespective of whether the trial court was correct in this belief, this court is not convinced that the application of the principle of contract of adhesion would be warranted.
Generally speaking, a contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior *525 bargaining power for adherence or rejection of the weaker party. Golz v. Children's Bureau of New Orleans, Inc. 326 So.2d 865, 868 (La.1976), Appeal Dismissed, 426 U.S. 901, 96 S.Ct. 2220, 48 L.Ed.2d 827 (1976). In cases where it does not appear that a great difference in bargaining position exists, it is doubtful that the doctrine of adhesion is applicable. Caldwell Country Club. v. Department of Transp. and Development, 438 So.2d 723, 727 (La.App. 2 Cir.1983). In this case where the plaintiff alleges that he previously was employed by the prestigious brokerage house of Paine Webber when he was recruited to work for the defendant, it would appear that he could have avoided the clause by simply rejecting the employment with the defendant. As a respected licensed securities broker, plaintiff held a position that is generally considered well paid and sought after. Consequently, we are reluctant to find the requisite difference in bargaining positions between the parties to justify the application of the doctrine of contract of adhesion. See Barcelona v. Sea Victory Maritime, Inc., 619 So.2d 741 (La.App 4 Cir.1993), writ denied, 626 So.2d 1179 (La.1993).
Secondly, plaintiff cites several cases wherein courts have stated that juridical acts in derogation of laws enacted for the protection of the public interest are nullities and argues that since any law requiring indemnity is against the public policy of this State, the arbitration award must be vacated. However, plaintiff cites no cases wherein the court has considered the issue of whether the public policy of not allowing employer indemnity actions as enunciated in La.R.S. 9:3921 is so strong as to invalidate a decision rendered by an arbitration panel in a case wherein the parties have stipulated that another State's law applies.
The arbitration panel gave no reasons for its unanimous decision in favor of the defendants.[2] However, the record of the proceedings before the arbitration panel reveals that the issue of conflict of laws was thoroughly briefed and argued by the parties before the panel. At the hearing and in his brief, plaintiff argued that because the contract was a contract of adhesion and because he was a Louisiana resident working for Edwards in Louisiana, Louisiana's conflict of laws apply, notwithstanding the requirement in the contract that Missouri law apply. However, the arbitration panel could have reasonably concluded that either the law of Missouri and/or Federal law should govern in this area. In Associated Press v. Toledo Investments, Inc., 389 So.2d 752 (La.App. 3d Cir.1980) the court stated:
Where parties stipulate the state law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect, unless there is a statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written.

Id. at 754.
Alternatively, the fact that this case involves the sale and exchange of securities under a Federal Act, coupled with the fact that plaintiff was registered to sell securities in 8 states (Arkansas, Florida, Georgia, Louisiana, Massachusetts, Mississippi, New York, and Texas) and in fact sold securities to the citizens of these states, under the supervision of Edwards, could have convinced the arbitration panel that federal law applies. Since indemnity is allowed under federal law, the ruling in favor of the defendant was well within the powers of the arbitration panel.
Indeed, even if the arbitration had applied Louisiana's conflict of laws principles, it is doubtful that the application of Missouri's laws would have been prevented since La. C.C. art. 3540 provides:
All other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537.
La.C.C. art. 3537 provides:
Except as otherwise provided in this Title, an issue of conventional obligations is *526 governed by the law of the state whose polices would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multi-state commercial intercourse, and of protecting one party from undue imposition by the other.
In applying these principles to the instant case, one could very well conclude that either Federal law and/or the law of Missouri applies.
Alternatively, the defendants also argued that even if the choice of Missouri law in the contract was to be ignored, the application of La.R.S. 9:3921 presupposed a finding that the employee was acting in the course and scope of his employment at the time the incidents forming the basis for indemnity occurred, a fact which the defendant denied. If the arbitration panel reasonably believed this contention, it could have ruled in the defendant's favor for this reason.
Irrespective of what arguments the panel felt were persuasive, it is clear that plaintiff failed to prove that the panel's actions constitute a manifest disregard of Louisiana law, thus making the award arbitrary and capricious, and providing a sufficient reason to vacate the award.
Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. National Tea Co. v. Richmond, 548 So.2d 930, 932 (La.1989) citing St. Tammany Manor v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987). Because of this presumption of validity of arbitration awards, the burden of proving that the arbitration panel exceeded or imperfectly executed its powers by ruling in favor of the defendants rested with the plaintiff. Plaintiff failed to meet the burden of proving that the arbitration panel exceeded or imperfectly executed its powers.
Moreover, as noted by the trial judge, plaintiff also failed to prove that any clear Louisiana legislative mandate exists to support the proposition that the Louisiana anti-indemnity statutes are primary to arbitration statutes. Consequently, the trial court did not err in denying plaintiff's motion to vacate the arbitration award.
Defendants have filed a motion for damages for a frivolous appeal. In their appellate brief, defendants argue that damages in the form of interest and attorney fees should be awarded pursuant to the provisions of La.C.C.P. article 2164. Ordinarily, an answer to the appeal is the proper vehicle to request damages for a frivolous appeal. Succession of Lane, 95-0558, (La.App. 4 Cir. 9/28/95); 662 So.2d 82. However, for purposes of this appeal, we will consider the motion as an answer to the appeal.
While this court rejects plaintiff's legal arguments, we do not find that the arguments were patently frivolous. Indeed, the trial court obviously agonized over its decision. In the reasons for judgment the trial court stated, "The issues before the Court are as close as they ever get." For this reason, the defendants' request for attorney fees is denied.
The judgment of the trial court is affirmed. The defendants' request for attorney fees is denied.

JUDGMENT AFFIRMED; REQUEST FOR ATTORNEY FEES DENIED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurring.
Arguably, the issue of whether the indemnity provisions of the contract violate Louisiana's public policy as stated in R.S. 9:3921 falls within one of the exclusive grounds for vacating an arbitration award. La.R.S. 9:4210(D). However, the majority result is correct because the parties contracted to apply Missouri law and thus, plaintiffs public *527 policy argument has no merit under that state's laws. That being so, plaintiff has no basis to set aside the arbitrator's decision.
NOTES
[1] The corresponding applicable federal statute is actually now found in 9 U.S.C. § 10(a)(4).
[2] See Transcontinental Drilling Co., Inc. v. Davis Oil Company, 354 So.2d 235, 238 (La.App. 4th Cir.1978) for the proposition that no statutory requirement exists in Louisiana which requires that written reasons for an arbitration award be rendered.