EDWIN A. LOMBARD, Judge.
hThe Appellant, Southland Steel Fabricators, Inc. (“Southland”), seeks review of the June 26, 2015 judgment of the district court affirming an arbitration award in favor of Appellee Brice Building Company, L.L.C. (“Brice”), in the amount of $817,761.01 plus legal interest from the date- of the award. Pursuant to our de novo review, we affirm the judgment of the district court. Brice’s Answer to the Appeal is denied.
Facts and Procedural History
This appeal involves a dispute over whether the district court'properly confirmed an arbitration award. The Louisiana Department of Education Recovery School District contracted with Brice Building Company, L.L.C. (“Brice”), a general contractor, to construct the Carter G. Woodson School (“the School”) in New Orleans. Thereafter, Brice entered into a Subcontract with Southland Steel Fabricators, Inc.,. (“Southland”), wherein South-land was retained to fabricate and erect a steel structure for the School. The Subcontract contained an arbitration clause obligating the parties to submit any dispute to binding arbitration.
lain September 2011, Southland ceased working on the School. Brice, as a result, retained a replacement steel contractor, *1288 RC .Martin, as well as labor from Gulley’s Welding and Steel Erectors (“Gulley’-’).
In January 2013, Brice filed an arbitration demand with the American Arbitration Association,, seeking to recover the amounts that it paid to the supplemental contractors to perform Southland’s work.[1] Subsequently, Southland filed a counterclaim against Brice. The parties agreed to submit their dispute to a three-member arbitration panel. On February 11, 2015, the arbitration panel issued a Final Award (“the Arbitration Award”) in Brice’s favor and denied Southland’s counter claim. Brice was awarded $817,761.01, plus interest running from the date of the award.[2]
Thereafter, Brice filed a motion to confirm arbitration award (“motion to confirm”), which was initially set for a March 26, 2015 hearing date by the district court. Southland, in response, filed exceptions of no cause of action and no right of action as well as a motion to vacate the Arbitration Award, and, alternatively, to remand, and motion to stay enforcement of arbitration award.
On June 18, 2015, the district court held a hearing on Brice’s .motion to confirm as well as Southland’s motion to vacate and exceptions of no. cause and no. right of action. The transcript of the proceeding shows that the .district court granted Brice’s motion to confirm at the beginning of the hearing and determined |sthat Southland’s motion to vacate and pending exceptions were thereby moot. The district court adopted the transcript as its Reasons for Judgment. In its June 26, 2015 judgment, the district court:
1) granted Brice’s motion to confirm;
2) denied Brice’s request for additional attorneys fees and costs;
3) denied Southland’s motion to vacate arid its exceptions of no cause and no right of action; and
4) confirmed the Arbitration Award and entered judgment in favor of Brice and against Southland in the amount of $816,761.01 plus legal interest from February 11, 2015..
Southland timely filed the instant' appeal.[3] It raises * two (2) assignments of error:
1. The trial court erred in solely hearing and ruling on Brice’s motion to ■ confirm and without first hearing arid disposing of the -motion to vacate, per» emptory exceptions, and other pend- ' ing matters, and without hearing evidence on any of those matters;. and
2. The trial court erred as. a matter of law to rule that a violation of public policy is not a valid basis for vacating and refusing to confirm an arbitration award.
Standard of Review
An appellate court reviews a district court judgment confirming an arbitration award, de novo. NCO Portfolio *1289 Mgmt., Inc. v. Walker, 08-1011, p. 5 (La. App. 3 Cir. 2/4/09), 3 So.3d 628, 632. Arbitration is favored, and an Rarbitration award is res judicata. Montelepre v. Waring Architects, 00-671, 00-672, p. 4 (La. App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130 (citations omitted).
Arbitration awards are presumed to be valid because of the strong public policy favoring arbitration. Welch v. A.G. Edwards & Sons, Inc., 95-2085, 952086, p. 10 (La.App. 4 Cir. 5/15/96), 677 So.2d 520, 526 (citations omitted); The Louisiana Supreme Court further explained that “[sjuch deference to arbitral awards, is consistent with the longstanding recognition that arbitration is intended to ‘speedily ... determine disputes and controversies by quasi judicial means, thus avoiding the formalities, the delay, the expense, and the vexation of ordinary litigation.’ ” Mack Energy Co. v. Expert Oil & Gas, L.L.C., 14-1127, p. 7 (La.1/28/15), 159 So.3d 437, 441-42 (quoting Housing Authority of New Orleans v. Henry Ericsson, Co., 197 La. 732, 745, 2 So.2d 195, 199 (1941) and 3 American Jurisprudence: Arbitration and Award, p. 830, § 2).
“Moreover, ‘[ejrrors of fact or law do not invalidate a fair and honest arbitration award,’ and ‘[tjhe burden of proof rests-'upon the party attacking the award.’” Id., 14-1127 at p. 7, 159 So.3d at 442 (quoting Firmin v. Garber, 353 So.2d 975, 978 (La.1977)). Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award. Montelepre, 00-0671 at p. 4, 787 So.2d at 1130. Pursuant tó,La.Rev.Stat. 9:4209, a district court is required to confirm an arbitration award upon application by any party unless grounds pursuant to La.Rev.Stat. 9:4210 or 9:4211 exist. Bottle Poetry, LLC v. Doyle Rest. Grp. Franchise Co., LLC, 13-0406, p. 3 (La.App. 4 Cir. 1/15/14), 133 So.3d 60, 64, writ denied, 14-0335 (La.4/11/14), 138 So.3d 606.
| {Additionally, a litigant may attack an arbitration award on the basis of a “manifest disregard of the law,” a judicially creáted ground for vacating an arbitration award. Id. (quoting Welch v. A.G. Edwards & Sons, Inc., 95-2085, p. 5 (La. App. 4 Cir. 5/15/96), 677 So.2d 520, 524). “A manifest disregard of the law refers to error which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator.” Id. The doctrine implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore it. Welch, 95-2085 at p. 6, 677 So.2d at 524.
Absent the existence of any of the statutory,or jurisprudential grounds for vacating or modifying, an arbitration award, a reviewing court is prohibited from reviewing the merits of the arbitrator’s decision. Id., 95-2085 at p. 5, 677 So.2d at 523-524.
premature Granting of Motion to Confirm
Southland argues that reversal of the district court’s judgment is warranted because. the district court improperly considered and granted Brices’ motion to confirm without first considering and ruling upon Southland’s motion to vacate and exceptions.[4] The premature confirmation of the Arbitration Award violates La.Rev.Stat. 9:4201, et seq., the Louisiana Binding Arbi *1290 tration Law, it argues. Southland specifically relies upon La. Rev. Stats. 9:4209-10 and 9:4213 for its assertion that the district court erred in denying its motion as moot after first granting Brice’s motion to confirm. Additionally, Southland avers that this matter be remanded to the district court for a hearing on its motions and exceptions that were to be heard on June 18, 2015.
|flIn the instant matter, the district court adopted as its Reasons for Judgment the June 18, 2015 hearing transcript, wherein the court explained that it was denying Southland’s motion to vacate because it lacked a statutory basis:
... It appears to me, by the statute, that the only way that I can really modify or vacate this award is where it was procured by corruption, fraud and undue means.
Nothing has been said about that to me and nothing has really — I mean, I think that’s what you want to say but I don’t see that. Where there was evident, partial — partiality or corruption on the part of the arbitrator, I don’t' see that.
Where the arbitrators were guilty of misconduct in refusing to postpone, there’s been no allegations about that. And then where the arbitrator exceeded their powers or so imperfectly executed them that a mutual, final and definite award, I don’t see that.
My decision is that I am going to confirm the arbitrator award and you-all take your appeal and go up there and let them re-litigate all the merits because then I don’t have the right to re-litigate this. So all the other motions are moot.
A district court’s ruling on a motion to vacate is reviewed under the manifest error standard. Montelepre, 00-0671 at p. 7, 787 So.2d at 1131. Additionally, “trial courts are vested with great discretion in determining the order in which they, will handle matters on their dockets.” Thinkstream, Inc. v. Rubin, 06-1595, p. 13 (La.App. 1 Cir. 9/26/07), 971 So.2d 1092, 1102. “Appellate courts interfere in trial court matters, such as control of a docket, case management, and determination of whether a continuance should be granted, only with reluctance and in extreme cases.” Id.
[ 7La.Rev.Stat. 9:4209, entitled Motion to confirm award; jurisdiction; notice, provides:
At any time within one year after the award is made any party to the arbitration may apply to- the court in and for the parish within which the ’award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the -hearing thereof.
La.Rev.Stat. 9:4210, entitled Motion to vacate award; grounds; rehearing, states:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which *1291 the rights of any party -have been prejudiced.
■ D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, 'final, and definite award upon the sübject matter submitted-was not made.
Where an award is vacated 'and the time within which the agreement required the award to be made has not expired, the court may; in its discretion, direct a rehearing by the arbitrators.
La.Rev.Stat. 9:4213, entitled Notice of motions; when made; service; stay of proceedings, states:
IsNotice of a motion'to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service óf a motion in an action. For the purposes of the motion any judge, who might issue an order to stay the proceedings in an action brought in the same court may issue an order, to be served with the notice of motion, staying the proceedings of the adverse party -to enforce the award.
Proeedurally, as Southland argues, La.Rev.Stat. 9:4209 does indicate that a district court is required to rule upon a pending motion to vacate prior to considering a motion to confirm an arbitration award. Nevertheless, we find that the district court’s decision to deny the motion to vacate after affirming the Arbitration Award amounts to harmless error. This is because the district court correctly determined that the ground upon which South-land sought to vacate the Arbitration Award was based on public policy, not on one of the four requisite statutory grounds of La.Rev.Stat. 9:4210. The denial of Southland’s motion was warranted because it was substantively deficient.
Brice, Southland avers, contracted with an allegedly unlicensed replacement subcontractor, 'Gulley, to complete the steel fabrication and erection for the school construction project. Southland asserts that the contract between Gulley and Brice is an absolute nullity and the payments made to Gulley are unrecoverable because Gulley was unlicensed.[5]
Contracts entered into in violation of the Louisiana contractor licensing laws are absolutely null and void ab initio. Hagberg v. John Bailey Contractor, 435 So.2d 580, 584-585 (La.App. 3d Cir.1988). As such, Southland avers such contracts are deemed never to have existed. Absolutely null contracts may not be | nconfirmed, it maintains. Southland further argues that a performance rendered on an absolutely null contract is not recoverable in a court of law absent exceptional circumstances. Thus, it asserts that our Court must not confirm the Arbitration Award-granting Brice recovery for its performance, ie., payments, made under an absolutely, null contract. Southland contends that the district court erred in failing to hold that Brice’s public policy violation presented a valid basis for vacatur.
With regard to motions' to vacate, the burden of proof is on the party attacking an arbitration award; “[i]t can be challenged only on statutory grounds. ” Crescent Property Partners, LLC v. American Mfrs. Mut. Ins. Co., 13-0661, 130662, 13-0663, p. 4 (La.App. 4 Cir. 2/28/14), 134 So.3d 85, 88-89 (subsequent- history omitted). Thus, the basis upon which South-land could move to vacate the Arbitration Award ⅛ jurisprudentially and statutorily limited.
*1292 The ■ caselaw of this circuit limits South-land’s arguments to vacate to those enumerated in La.Rev.Stat. 9:4210. Our review of the record shows that Southland’s motion to vacate did not state one of the' four (4) enumerated grounds listed in La. Rev.Stat. 9:4210 for vacatur. As quoted above, the four statutory grounds for vacating an arbitration award under La Rev. Stat. 9:4210 are: 1) where an award was procured by corruption, fraud, or undue means; 2) where there is evident partiality or corruption on the part of the arbitrator(s); 3) where the arbitrators were guilty of misconduct in refusing to' postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior- by which the rights of any party have been prejudiced; and 4) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject | ^matter submitted was- not made. Thus, as the district court noted, Southlands’ public policy argument is not encompassed by the statute.
■ In support Of its motion, Southland primarily relies upon In the Matter of Arbitration Between Standard Coffee Service Company and Theodore W. Preis, 499 So.2d 1314 (La.App. 4th Cir.1986). In Standard Coffee, Southland avers that we examined the arbitration record and the evidence considered by the arbitrator to characterize the nature of the contract at issue, a non-compete agreement. Recognizing that such contracts are void in Louisiana and are against public policy, South-land avers that we reversed the district court’s judgment and vacated the arbitration award in that matter. Southland avers that the abroad language of La.Rev. Stat. 9:4210 encompasses claims for public policy violations especially when construed with La.Code Civ. arts. 7,1966, 1971, 2030 and 2033. However, there is no jurisprudence to this effect. .
However, in Rauscher Pierce Refsnes, Inc. v. Flatt, 95-1667, pp. 7-8 (La.App. 4 Cir. 2/29/96), 670 So.2d 537, 541, we ,clarified that even where public policy concerns are raised, our Supreme Court has held that La.Rev.Stat. 9:4211[6] Inis the exclusive authority for a court to overturn an arbitration award. Citing St. Tammany Manor, Inc. v. Spartan Bldg. Corp., 509 So.2d 424, 425 (La.1987). None of the enumerated grounds exist in this matter.
Moreover, under the facts presented, we find that it would defy public policy and defeat arbitration’s purpose of promptly resolving disputes to vacate an arbitration award, and, thereby, permit a breaching subcontractor to avoid paying its contractual damages. Southland provides no cases where a Louisiana court has held that the public policy of enforcing contractor licensing laws is so strong as to invalidate an arbitration award against an entity that was not a party to the allegedly null contract and indeed breached its own contract. The issue before the arbitration *1293 panel was Southland’s breach and the ensuing contractual damages due as a result, not Brice’s dealings -with replacement subcontractors. It is public ■ policy favoring the integrity and preservation of arbitration awards that is controlling in the matter sub judice,
Lastly, we similarly find that Southland’s exceptions are without merit and were properly. denied. ■ Southland’s exception of no cause of action was based upon its argument that Southland did not comply with the mandatory requirements of law to institute and obtain an order to. confirm an arbitration award under La. Rev.Stat. 9:4214.[7] It alleged that all of the “required documents and proofs” were not | ipfiled with the motion. However,' our review of the record shows that the required documents were filed with Brice’s order confirming the Arbitration Award, as required.
In Southland’s exception of nb right of action, it asserts that prior to the conclusion of the arbitration proceeding, Brice ceased to- exist as a legal entity; thus, it does not have legal standing to enforce the purported debts of Southland contained in the Arbitration Award. Southland avers that Brice allegedly posted on its website that Roy Anderson Corporation, Harrell Contracting Group and Brice consolidated their companies and would be operating a “ROY ANDERSON CORP.”
An action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ. Proc. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest- in the action. La. Code Civ. Proc. art. 927(5). The function of .the exception of no right of action is to determine whether the plaintiff belongs to the class of persons .to whom the law grants the cause of action asserted in the suit. FIA Card Servs., N.A. v. Gibson, 43,131, p. 6 (La.App. 2 Cir. 3/19/08), 978 So.2d 1230, 1235.
The record -reflects that Brice currently has a valid certificate of authority filed with the Louisiana Secretary of State and a current certificate of formation in Delaware. Moreover, Brice-also .presented, the affidavit of Roy Anderson,-III, the CEO of Anderson Companies, Inc., wherein he attested to the fact that Anderson Companies, Brice, Harrell Contracting Group, LLC (“Harrell”), and Roy., Anderson 11sCorp (“RAC”), are separate, validly existing legal entities. His affidavit further stated that Anderson Companies, Inc., is the solé member of Brice, Harrell, and RAC. .Thus, we find that this exception is without merit and was properly denied.
Finding that the district court properly denied Southland’s motion to vacate and exceptions of no right of action and no cause of action, we further find that all of Southland’s pending motions were properly rendered moot as a result of the grant of Brice’s motion to confirm. This assignment of error is without merit.
*1294 MOTION TO CONFIRM
In its remaining assignment of error, Southland avers that the district court erred in declining to vacate the Arbitration Award because it violates Louisiana public policy. Having explained in our discussion above that this argument lacks merit, we pretermit this assignment of error.
ANSWER TO APPEAL
Brice answered the instant appeal seeking attorneys’ fees for the defense of this appeal. It argues that, pursuant to the subcontract executed between Brice and Southland, it is “entitled to recover such reasonable attorney’s fees and all other costs and expenses as it may incur -or expend in connection therewith.” The district court, they argue, erroneously denied it’s request that Southland pay Brice’s attorneys’ fees in confirming the Arbitration Award. Brice contends that these fees are covered under the subcontract.
Moreover, it avers that considering the allegedly frivolous nature of Southland’s defense arguments and the excessive unreasonable discovery and subpoena tactics Southland utilized in the confirmation proceedings, Brice is entitled to attorneys’ fees at the district court level as well as for attorneys’ fees on appeal. Consequently, Brice seeks that the judgment be “modified or reversed and 114remanded” to allow recovery for attorneys’ fees it incurred in pursuing the confirmation of the Arbitration Award and the attorneys’ fees incurred for litigating this appeal.
We find that the award of attorneys’ fees provided in the Arbitration Award is adequate and reasonable compensation for all the legal services provided in this matter, including the services performed on this appeal. Therefore, we decline to award additional attorneys’ fees.
DECREE
For the foregoing reasons, the June 26, 2015 judgment of the district court is affirmed. The Answer to the Appeal of Brice Building Company, L.L.C., is denied.
AFFIRMED; ANSWER TO APPEAL DENIED,

. A Partial Award was initially issued by the arbitration panel on December 15, 2014, . awarding Brice $473,178, but directing'Brice to submit affidavits and- a breakdown of its attorneys’ fees. In the Arbitration Award, Brice was awarded $473,178 in damages, $342,708 in attorneys’ fees and expert costs, -.and $1,875.01 in expenses. .

.Southland timely filed its motion for sus-pensive appeal, which was granted by the district court. However, after the sufficiency of the suspensive bond was disputed by Brice, the district court ordered that an alternative bond be posted on or before August 31, 2015, The bond was timely posted.

. Southland also points out that the district court granted its motion to stay the enforcement of the arbitration award and issued an order staying the proceedings on March 16, '2015.

. The record of the arbitration proceedings is not included in the record. Consequently, we cannot verify whether Brice contracted with an unlicensed contractor.

. La.Rev.Stat. 9:4211, entitled Motion to modify or correct award; grounds, provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A.Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.. .
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.'
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.

. La.Rev.Stat. 9:4214, entitled Record; filing; judgment; effect and enforcement, provides in pertinent part:
Any party to a proceeding for an order confirming, modifying, or correcting an award shall, at the time the order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk;
(1)The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time, if any, within which to make the award.
(2) The award.
(3) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.