**FAVALORA CONSTRUCTORS, INC.**

v.

**GRILLOT ELECTRIC COMPANY, INC.**

**NO. 2016–CA–0550**

Court of Appeal of Louisiana, Fourth Circuit.

**NOVEMBER 30, 2016**

Jerry W. Sullivan, LEEFE, GIBBS, SULLIVAN & DUPRE', 3900 North Causeway Boulevard, Suite 1470, Metairie, LA 70002, COUNSEL FOR DEFENDANT/APPELLANT

Gary J. Giepert, Jonathan S. Giepert, THE GIEPERT LAW FIRM, LLC, 4603 South Carrollton Avenue, New Orleans, LA 70119, COUNSEL FOR PLAINTIFF/APPELLEE

(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Madeleine M. Landrieu)

Judge Edwin A. Lombard

This appeal is from a judgment denying the petition for vacatur of an Award of Arbitrator filed by the plaintiff/appellant Favalora Constructors, Inc., and affirming the arbitration award in favor of defendant/appellee, Grillot Electric Company. After review of the record in light of the arguments of the parties and the applicable law, the district court judgment is affirmed.

### Relevant Facts and Procedural History

In this dispute arising out of a construction subcontract between the parties, Favalora, the contractor, subcontracted electrical work to Grillot. Upon conclusion of the construction work, Favalora submitted final invoices of all services, including those of the subcontractors, to the property owner. Because the cost of the finished project exceeded the original estimate by $230,000.00, the property owner disputed the amount over the original estimate and the matter went to arbitration. The arbitrator found that Favalora failed to submit timely "Control Estimates" as required by the construction contract between the parties and, accordingly, Favalora did not receive the $230,000.00 claimed in excess of the construction contract estimate.

In turn, because Favalora did not receive the disputed $230,000.00, Favalora did not pay its subcontractor, Grillot, in full. Grillot then filed for arbitration of the disputed amount ($16,484.88) and, after a hearing, the arbitrator awarded Grillot the sum of $16,484.88.[1] Favalora then filed its

---

1. This sum is taken from the Award of Arbitrator found in the record before this court.

petition for vacatur in the district court. After a hearing on the petition, the district court found in favor of Grillot, denied Favalora's petition for vacatur, and confirmed the arbitration award. Favalora filed this timely devolutive appeal.

### Standard of Review

We review a district court judgment confirming an arbitration award *de novo. Brice Bldg. Co. L.L.C. v. Southland Steel Fabricators, Inc.* 15–1110, p. 3 (La. App. 4 Cir. 6/17/16), 194 So.3d 1285, 1288–1289 (citation omitted).

### Applicable Law

The purpose of the arbitration process is to speedily resolve disputes and avoid "the delay, the expense, and the vexation of ordinary litigation." *Brice,* 15–1110, p. 4, 194 So.3d at 1289 (quoting *Mack Energy Co. v. Expert Oil & Gas, L.L.C.,* 14–1127, p. 7 (La. 1/28/15), 159 So.3d 437, 441–43). Thus, strong public policy supports arbitration and arbitration awards are presumed valid and highly favored. *Brice,* 2015–1110, pp. 3–4, 194 So.3d at 1289. In seeking to overturn an arbitrator's award, the burden of proof is on the party attacking the award. *Brice,* 2015–1110, p. 4, 194 So.3d at 1289

### Discussion

Favalora argues on appeal that the district court manifestly disregarded the law because the subcontract between the parties contained a "pay if paid" clause. Favalora bases this argument on the judicially created doctrine that an arbitration award may be overturned when the arbitrator commits an error "which is obvious and capable of being readily and in-

stantly perceived by an average person qualified to serve as an arbitrator," thereby implying that "the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore it." *Brice,* 2015–1110, p. 5, 194 So.3d at 1289 (citations omitted).

Although Favalora asserts that the district court erred in affirming the arbitration award because the arbitrator ignored a clause within the contract at issue, the record before the court does not contain a copy of the contract at issue nor does it appear that Favalora submitted a copy of the contract to the court below. Rather, according to the docket sheet included in the record, a 3-page petition for vacatur was filed in the district court by Favalora on November 5, 2015, and, although the "pay if paid" contract provision is alluded to in Favalora's petition, the contract itself was neither attached nor submitted to the district court.

Grillot filed its answer and reconventional demand to affirm the arbitration award on November 9, 2015, attaching as "Exhibit 1" a copy of the "Award of Arbitrator" at issue in this appeal. The arbitrator's award references (1) a stipulation by the parties that the legal issue in the arbitration matter pertained to the "Paid if Paid" clause; and (2) that the contract documents were submitted to the arbitrator; and (3) that "[i]ncluded in the evidence submitted via stipulation is the opinion rendered in No. 01 15 0003 3799." In his reasoning, the arbitrator observes:

> The findings in that proceeding are relevant to the instant matter. In the sub contract with Claimant there is typical language setting for the incorporation of

---

We note that the Award states that the issue was the balance due Grillot and "[t]here is no dispute that the Claimant's contract price is [sic] $57, 580.00 increased to $58, 976.54 and that all but $16,482,88 is in dispute in this

Arbitration." We can only assume that this statement is a typographical error and the amount in dispute (and ultimately awarded) was the balance due under the contract.

the terms of the Prime Contract and various contract documents. Once would assume that the requirement that Respondent [Favalora] submit Control Estimates is part of the contract, is only applicable to the General Contractor and not the subcontractors. As with many Construction Contracts this language by incorporating in each sub contract all contract documents is read to include only such provisions of the Prime Contract that are applicable to ALL SUB-CONTRACTORS and such provisions that are only applicable to each subcontractors trade or specialty. It is difficult to understand how an electrical subcontractor in this case would know that he is bound to assume the risk of payment for failure of the Prime Contractor to submit "CONTROL ESTIMATES" OR whether SCHEDULES OF VALUE are equivalent. It is, at the very minimum, an ambiguity and is not what the Claimant and the Respondent could have contemplated when entering into the contract. Moreover, even if one were to have accepted the argument that "Pay if Paid" is a bar to Claimant's recovery, this Claimant was not a party to the proceeding between Respondent and the Owner. Based on the Schedule of Values submitted by the parties both the Respondent and the Owner were on notice of the amounts scheduled for this Claimant. Finally, it appears that the Paid if Paid [sic] provision, in the context of this case, is a harsh and unconscionable defense where the Prime Contractor's breach of the contract is imputed to the subcontractor who had fully performed its scope of work.

Thus, the arbitrator based his findings, conclusions, and award on documents that do not appear in the record before this court and were not presented to the district court. This is a court of record and the burden is on the appellant to show that the district court erred in affirming the arbitrator's award because the arbitrator manifestly disregarded the law. In this case, Favalora (the appellant) argues that the district court's judgment affirming the arbitration award should be overturned based on a provision in the contract between the parties but did not submit the contract and related documents to the district court and, likewise, does not submit the contract and related documents to this court. The Award of Arbitration [6]attached to Grillot's answer to Favalora's petition of vacatur does reference a stipulation that the contract between the parties included a "pay if paid" provision but, even accepting *arguendo* that a reference in the arbitration award is adequate evidence of the existence of the clause, the arbitrator based his conclusions and findings on the whole record before him, including the Schedule of Value.

Accordingly, based upon our *de novo* review of the record before this court, Favalora did not meet his burden of establishing that the arbitrator made an obvious legal error or ignored a governing legal principle. Thus, Favalora's appeal is without merit.

### Conclusion

The judgment of the district court is affirmed.

**AFFIRMED.**

LANDRIEU, J., CONCURS WITH REASONS

LANDRIEU, J., CONCURS WITH REASONS

I concur in the result. I find, however, that the contractual clause at issue is before this court even if the entire contract between the parties is not. Both at the arbitration proceeding and at the hearing

in the district court, the parties stipulated to the clause at issue.

The arbiter had this clause before him and found that it did not justify the contractor's failure to pay his subcontractor under the facts of this case.

I respectfully concur in the decision of the majority.