## LALLANDE vs. BONNY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The power of arbitrators may continue for three months after the submission, unless the parties agree to revoke it sooner. But if they, or any one of them, refuse to act, the parties are left to their legal remedy, without any delay.

Judicial arbitrators, appointed to decide a suit already pending, may refuse, without assigning reasons, at any time before taking the oath.

This case turns upon an exception taken to the institution of suit, on the ground that it was premature.

The exception is founded on a submission by the parties of the matters now in controversy to arbitrators, who, in case of disagreement, were authorized to choose an umpire. The parties entered into bond, on the 30th November, 1837, in the penal sum of three thousand dollars, binding themselves to abide by the decision of Samuel Hermann, jr., and James P. Freret, and their umpire, in case of disagreement. They disagreed, and chose Mr. Musson as umpire. Sometime afterwards, having conferred with each other, and heard the statements of the parties, the arbitrators being unable to agree, Mr. Hermann declined acting any further in the matter. None of them were sworn. On the 6th of February, 1838, this suit was instituted.

The district judge was of opinion, that according to article EASTERN DIST.
*May*, 1839.

LALLANDE
*vs.*
BONNY. 3072, of the Louisiana Code, the power of arbitrators necessarily continued for three months after the date of their appointment; that, consequently, their term of appointment did not expire before the 1st of March, and until that time, neither party could resort to his action at law. Judgment was rendered sustaining the exception and dismissing the suit, and the plaintiff appealed.

*L. Janin*, for the plaintiff and appellant. The submission can produce no effect whatever, for the arbitrators are named in it: no provision is made for the case of the refusal to act of either; its execution depended upon the acceptance of the arbitrators; the acceptance dates from the moment when they take the oath; they can neither act nor be considered as having accepted, until they have taken the oath. *Louisiana Code*, 3078, 3086. 3 *Martin*, 317.

2. An agreement to submit to arbitration, becomes null by the death of *one* of the arbitrators. *Ibid., article* 3099. By analogy of reasoning, the refusal of one of them to act, puts an end to it.

3. The special law on this subject is contained in the statute of March 16, 1822. 1 *Moreau's Digest*, 460. Even a decision made by arbitrators will be set aside, if it was not made by the persons named in the submission, or if the arbitrators were not sworn. *Ibid.*

In this case the arbitrators did nothing. They never fixed a time for the decision of the controversy, nor did they give notice to the parties to produce their evidence. *Louisiana Code*, 3078, 3079. Nor could they know whether they would agree or disagree, until they had thus legally investigated the matter; nor could they, until then, appoint an umpire. *Ibid.* 3087.

*Canon*, contra.

*Rost, J.*, delivered the opinion of the court.

The parties to this controversy, wishing to settle amicably certain differences existing between them in commercial operations on bank stocks, made on joint account, agreed in writing under the penalty of three thousand dollars, to abide by the decision of Samuel Hermann and James P. Freret, or of a third arbitrator chosen by them, in case they should not agree. The arbitrators first promised to act, and before being sworn, having received the statement of one of the parties, they had one or two conversations together on the subject, out of the presence of the parties, when finding that they were unable to agree, they proposed to leave the matter to Mr. Musson, who was then present, and to choose him as umpire ; his appointment was not reduced to writing, and he was not sworn. Subsequently, the statement of the other party was submitted to them, and being still unable to agree, Samuel Hermann refused to act any longer. Freret and Musson were of opinion, that Bonny was right, but no decision was given, and the plaintiff instituted the present action, within the three months that followed the date of the agreement, to obtain a judicial investigation of the transactions which he had agreed to submit to the decision of the above named persons.

The defendant excepted to the action, on the ground that all the matters alleged by the plaintiff had been, by the agreement already alluded to, submitted to the arbitration of the persons therein named.

The District Court being of opinion, that under the article 3072, of the Louisiana Code, the power of the arbitrators was to endure three months, and that the court could not presume that the refusal of Hermann to act would continue during the whole time, thought that the action was premature and maintained the exception. The plaintiff appealed.

We are of opinion that the court made a false application of article 3072, of the Louisiana Code. It is true, that it provides that the power of the arbitrators may continue three months after the date of the submission, unless the parties agree to revoke it, but it goes on the supposition that the

arbitrators are willing to serve. When their refusal is ascertained, the parties are left to their legal remedy, and may have recourse to it without any delay. Where the amicable jurisdiction which the submission created recuses itself, the submission stands as if it had never been made. The Code of Practice, article 450, which provides that the arbitrators shall not be allowed to resign their appointment without a good cause, applies only to judicial arbitrators, appointed to decide a suit already pending, and even in that case, they may refuse to act without assigning reasons, at any time before taking the oath.

We are of opinion that the exception was improperly sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, the defendant's exception overruled, and the case remanded, with directions to the district judge to proceed therein according to law, the defendant and appellee paying the costs of this appeal.

Eastern Dist.
*May,* 1839.

ROBESON ET AL.
*vs.*
MISS. AND ALA.
R. R. CO. ET AL.

The power of arbitrators may continue for three months after the submission, unless the parties agree to revoke it sooner. But if they, or any one of them refuse to act, the parties are left to their legal remedy, without any delay. Judicial arbitrators, appointed to decide a suit already pending, may refuse without assigning reasons at any time before taking the oath.