pellant. R. G. Pleasant, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Orleans (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant was convicted of having willfully and unlawfully purchased on credit certain merchandise with intent to cheat or defraud the vendor or seller, which he willfully and unlawfully disposed of with the intent to cheat and defraud, and with having failed to pay for said merchandise. He was sentenced to the parish jail for nine months.

The record contains no bill of exceptions, or assignment of errors; and no brief has been filed in support of the appeal.

The judgment appealed from is therefore affirmed.

---

(69 South. 858)

No. 20240.

HART v. DUPONT.

(Oct. 18, 1915.)

*(Syllabus by the Court.)*

ARBITRATION AND AWARD ⬡⟳50 — AWARD — TIME FOR GIVING.

Where, in a submission to arbitration, no time is fixed within which the arbitrators are to give their award, they are allowed three months; and the award is null if made after the expiration of that delay, unless the time be extended by agreement of parties. In the absence of such agreement, the submission is at an end.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 249–253; Dec. Dig. ⬡⟳50.]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Jos. E. Le Blanc, Jr., Judge.

Action by Lewis B. Hart against Charles I. Dupont. From judgment for plaintiff, defendant appeals. Affirmed.

Jules A. Carville and Albert L. Grace, both of Plaquemine, for appellant. Borron & Wilbert, of Plaquemine, for appellee.

MONROE, C. J. A partnership, which had existed between plaintiff and defendant for several years, having been dissolved, plaintiff sued for a liquidation and settlement, but thereafter, without the advice of his counsel, agreed that the differences between defendant and himself should be settled by arbitration, and two arbitrators were selected, to whom the matter was submitted, without limitation, however, as to the time within which they should make their award. About eight months later, plaintiff ruled defendant to show cause "why the powers and authority of the arbitrators should not be declared to have terminated," and why the liquidation of the partnership should not be proceeded with in the suit which had been instituted for that purpose, and which had not been dismissed. Defendant, by way of answer, alleged that the delay in reaching the award was attributable to the action and inaction of plaintiff, and that the time had been extended by his acquiescence. Some testimony was taken upon the hearing of the rule, but nothing was elicited to show that plaintiff was at fault in the matter of the delay, or that there was any consent given by him, whether expressed or implied, to an extension of time.

The court made the rule absolute, and defendant has appealed.

Articles 3105, 3123, 3124, and 3132 of the Civil Code read as follows:

"If the submission does not limit any time, the power of the arbitrators may continue in force during three months from the date of submission, unless the parties agree to revoke it.

\* \* \* \* \* \* \* \*

"The arbitrators ought to give their award within the time limited by the submission, and it would be null if it were given after the time is expired.

"Nevertheless the parties may give power to the arbitrators to prolong the time, and in this case their power lasts during the time of prorogation."

"The submission and power given to the arbitrators are put at an end by one of the following causes:

"1. By the expiration of the time limited, either by the submission or by law, though the award should not be yet rendered."

It will thus be seen that, as the award would have been null if given after the expiration of any delay which might have been fixed in the submission, so, in the absence of an agreement extending the time, it would have been null if given after the expiration of the delay fixed by law; for, in either case, the submission terminates with the delay. In this case, as there was neither an original agreement fixing the time, nor a subsequent one, extending it, the submission terminated at the expiration of three months from its date. Lallande v. Bonny, 13 La. 462; St. Martin v. Mestaye, 18 La. Ann. 320.

Judgment affirmed.