PETTIGREW, J.
|;>On October 27, 2008, plaintiff, Gulfco of Louisiana, Inc. (“Gulfco”), filed suit seeking damages and injunctive relief following a lease dispute with defendant, Rousse Land Development, Inc. (“Rousse”). Shortly thereafter, on November 20, 2008, the parties jointly presented the trial court with a consent judgment, which among other things, recognized the validity of the arbitration provisions in the original lease between the parties. Gulfco and Rousse subsequently submitted all issues for resolution to the Honorable Brady Fitzsim-mons, retired, an arbitrator with MAPS Professional Systems, Inc. (“MAPS”).
According to the record, Judge Fitzsim-mons conducted an arbitration hearing on September 30, 2010, and sent his decision to Jill Dunn with MAPS on October 2, 2010. However, for some unknown reason, the decision was not sent to the parties until January 21, 2011, along with a letter from Ms. Dunn dated January 21, 2011, containing the following language: “Enclosed please find a copy of the Decision of the Arbitrator. I apologize for the delay, the error is on my part. The decision was sent to me by Judge Fitzsimmons in October. The decision has been dated for today as to not interfere with any time lines.”
Thereafter, Gulfco filed a motion to vacate the arbitration, arguing that the ruling was null because it was untimely and because the arbitrator manifestly disregarded the law. The trial court heard arguments on June 2, 2011, and rendered judgment December 28, 2011, denying the motion to vacate for reasons assigned in open court.[1]
*1016 13This appeal by Gulfco followed, wherein Gulfco assigned the following specification of error: “The Trial Court erred in concluding that [Judge Fitzsimmons’] ruling was issued in a timely manner, such that [he] retained the authority to issue that ruling under [La. Civ.Code art.] 3132, and in finding that [Judge Fitzsimmons’] ruling should not be nullified under [La. R.S.] 9:4210(D).”[2]
Arbitration is a mode of resolving differences through the investigation and determination by one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Firmin v. Garber, 353 So.2d 975, 977 (La.1977). Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. National Tea Co. v. Richmond, 548 So.2d 930, 932-933 (La.1989). It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statute. A court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statute. Woodrow Wilson Const. Co., Inc. v. MMR-Radon Constructors, Inc., 96-0618, p. 3 (La.App. 1 Cir. 12/20/96), 684 So.2d 1125, 1127, writ denied, 97-0152 (La.3/7/97), 689 So.2d 1879. The burden of proof rests upon the party attacking the award. Firmin, 353 So.2d at 978.
In denying Gulfco’s motion to vacate the arbitration ruling, the trial court gave the following oral reasons for judgment:
The first issue I’m going to address is the manifest error rule. Clearly, the First Circuit, as pointed out by all counsel, has ruled that the exclusive grounds to vacate award based on arbitration is listed under Title 9:4210. The First Circuit does not recognize extra judicial exceptions that have been carved out by some of the other circuits and I’m going to choose to follow the well-written decisions of the First Circuit and find that manifest error is not a grounds for reversal of an arbitration rule.
*1017 The second issue deals with the 90-day requirement. That is to say that an arbitrator has jurisdiction or is deemed to have jurisdiction for 90 days from the completion of an arbitration hearing.[3] After that point the arbitrator is divested of jurisdiction.
Counsel properly cited the East Baton Rouge case wherein there was a seven-month delay.[4] The instant matter is somewhat different. The instant matter, Judge Fitzsimmons and there are accompanying exhibits to the motion, prepared and signed a ruling and submitted it to MAPS. MAPS is charged with the distribution of that decision.
It is this Court’s opinion that a judgment is rendered upon signing by a court or in this case by an arbitrator. Rendition is not dependent upon circulation by the Clerk of Court or in this case by the office personnel at MAPS. A judgment is rendered upon signing of a court.
Certainly, there are issues when you’re talking about a court setting where delays regarding appeal rights and things of that nature do not attach until notice has been issued. But those are by specific rules.
The Court of Appeal and Supreme Court rules are clear. Calculation of delays for appeals, writs, things of that nature are from date of issuance. But that’s by stated article. That’s not some inherent or interpreted fact created by a court or some other entity. It is in the statute.
So I find that Judge Fitzsimmons signed a judgment within the 90-day period and that constituted a rendition of judgment. For those reasons, [sthe Court denies the motion of Gulfco and I would ask Mr. Collins prepare my ruling, submit it to counsel and when I sign it, it will be rendered.
Having thoroughly reviewed the record and applicable law, we find no error in the trial court’s ruling on this motion. During oral argument before the trial court on the motion to vacate, counsel for Rousse indicated that he and counsel for Gulfco had a couple of discussions about the fact that they had not yet received the judgment but that they both decided not to “push the issue or push the Judge.” The e-mails in the record indicate that on January 20, 2011, counsel for Gulfco contacted Judge Fitzsimmons to see if there was anything he or counsel for Rousse could do to assist the Judge in his determination of the liability phase of the arbitration proceeding. Judge Fitzsimmons promptly replied, “I sent a decision in this matter on 10/02/10. I have no idea why you have not received it. I will be happy to re-send it.” Thus, unlike in the East Baton Rouge Sewerage Com’n case, the evidence before us clearly supports a finding that Judge Fitzsim-mons’ arbitration ruling was rendered timely. Accordingly, we affirm the trial court’s December 28, 2011 judgment and issue this memorandum opinion in accor *1018 dance with Uniform Rules — Courts of Appeal, Rule 2-16.1 B. All costs associated with this appeal are assessed against plaintiff-appellant, Gulfeo of Louisiana, Inc.
AFFIRMED.

. The original judgment was signed by the trial court on June 13, 2011. However, on December 1, 2011, this court issued a show cause order regarding the finality of the judgment and granting the parties leave to supplement the record accordingly. The record was supplemented with the December 28, 2011 judgment of the trial court, denying Gulfco’s *1016 motion to vacate, dismissing Gulfco’s suit with prejudice, and designating the judgment as final pursuant to La.Code Civ. P. art. 1915(B). Although a duty panel made a preliminary determination to maintain the appeal, the propriety of the trial court's designation of finality was reserved to this panel in connection with our duty to review the merits of the appeal. Considering the criteria set forth by the Louisiana Supreme Court in RJ. Messinger, Inc. v. Rosenblum, 2004-1664, p. 14 (La.3/2/05), 894 So.2d 1113, 1122, we have conducted a de novo review of the propriety of the trial court's designation of finality and find that the trial court’s designation of its December 28, 2011 judgment as final was proper.

. Louisiana Civil Code article 3132 provides for termination of arbitration, in pertinent part, as follows:
The submission and power given to the arbitrators are put at an end by one of the following causes:
1. By the expiration of the time limited, either by the submission or by law, though the award should not be yet rendered.
Louisiana Revised Statutes 9:4210 provides, in pertinent part, the grounds for vacating an award of arbitration as follows:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

. Pursuant to La. Civ.Code art. 3105(A), "If the submission does not limit any time, the power of the arbitrators may continue in force during three months from the date of the submission, unless the parties agree to revoke it."

. In East Baton Rouge Sewerage Com’n v. Mostafa and Donna Khosravanipour Children's Trust No. 1, 2008-0994 (La.App. 1 Cir. 2/13/09) (unpublished), writ denied, 2009-0597 (La.5/1/09), 6 So.3d 812, plaintiffs sought to confirm an arbitration award that had been issued over six months after the final submission of the case. The trial court denied plaintiffs’ motion to confirm the award and granted the defendant’s reconventional demand to vacate the award. This court affirmed, finding the arbitrator had exceeded his authority in making the award after his power had terminated pursuant to Article 3132.