| | | |
|---|---|---|
| **JMA PAINTERS, LLC** | * | **NO. 2022-CA-0732** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **THE MCDONNEL GROUP,** | * | |
| **LLC, AND TRAVELERS** | | **FOURTH CIRCUIT** |
| **CASUALTY AND SURETY** | * | |
| **COMPANY OF AMERICA** | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-03559, DIVISION "M"
Honorable Paulette R. Irons, Judge

**\* \* \* \* \* \***

**Judge Joy Cossich Lobrano**

**\* \* \* \* \* \***

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

David P. Vicknair
Caitlin B. Carrigan
SCOTT VICKNAIR, LLC
909 Poydras Street, Suite 2025
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLEE

John F. McCormick
James A. Morock, Jr.
GALLOWAY JOHNSON TOMPKINS BURR & SMITH APLC
701 Poydras Street, 40th Floor
New Orleans, LA 70139

J. Geoffrey Ormsby
Dylan T. Leach
Andre M. Stolier
SMITH & FAWER, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, LA 70170

      COUNSEL FOR DEFENDANTS/APPELLANTS

                                    **AFFIRMED**
                                  **JULY 13, 2023**

This is an arbitration dispute. Defendants/appellants, The McDonnel Group ("TMG") and Travelers Casualty and Surety Company of America ("Travelers"), appeal the July 1, 2022 judgment of the district court which confirmed the arbitration awards in favor of plaintiff/appellee, JMA Painters, LLC ("JMA"), and denied TMG and Travelers' motion to vacate the arbitration awards. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 28, 2015, TMG entered into the Prime Contract with French Quarter Apartments Limited Partnership ("FQA"), as owner, to serve as the general contractor on the construction and renovation of the French Quarter Residences. TMG secured a payment and performance bond from Travelers. JMA and TMG entered into the Subcontract, dated January 26, 2016, to perform certain painting for the project. Both the Prime Contract and the Subcontract contained arbitration provisions. The Subcontract arbitration agreement provided as follows:

11.2 Subcontractor agrees and consents to join in with, assist, and defend TMG in any lawsuit, arbitration or mediation asserted by the Owner where the Work or services performed, or materials supplied, by Subcontractor pursuant to this Subcontract is at issue in such lawsuit, arbitration or mediation. Except in any action asserted by Owner where the work or services performed or materials supplied by Subcontractor are at issue, **TMG and Subcontractor agree and consent to submit to arbitration any controversy or claim arising out of or related to the Subcontract, or the breach thereof, in accordance with Construction Industry Arbitration Rules of the American Arbitration Association currently in effect**. Any judgment upon the award rendered by the arbitrator or arbitrators in any such arbitration proceeding, whether asserted by Owner, TMG or Subcontractor, may be entered in any Court having jurisdiction thereof. Further, this agreement to arbitrate shall be specifically enforceable in accordance with applicable law in any court having jurisdiction thereof.

(Emphasis added).

Thereafter, FQA filed a demand for arbitration against TMG with the American Arbitration Association (the "AAA") for allegedly defective workmanship (the "FQA Arbitration"). On October 23, 2018, JMA filed a separate demand for arbitration against TMG and Travelers, asserting claims of uncompensated work under the Louisiana Private Works Act. JMA subsequently consolidated its arbitration demand with the FQA Arbitration.

On March 14, 2019, JMA filed a lawsuit in the Civil District Court for the Parish of Orleans against TMG and Travelers, alleging the failure to pay disputed amounts due on a second project, the Jung Hotel (the "Jung Litigation"). TMG asserted setoff as an affirmative defense in the Jung Litigation.

2

In the FQA Arbitration, most of the parties resolved their claims in April 2021, with the exception of certain stucco installation claims that would be heard by the arbitration panel.

With respect to JMA's arbitration claims against TMG and Travelers, an evidentiary hearing went forward from June 4, 2021 through June 7, 2021, before the panel of three arbitrators. However, on October 8, 2021, the AAA informed the parties that the panel chairman would need to resign due to health reasons. Thus, on October 18, 2021, the parties agreed to allow the remaining two panel arbitrators render the decision.

On February 8, 2022, the arbitrators rendered an Interim Award, finding:

> JMA is entitled to payment from TMG (and Travelers to the extent payment is not made by TMG) in the amount of $1,172,960.32,[] plus reasonable attorney's fees, the costs of the proceeding (including costs paid to the AAA and for the arbitrators in connection with the dispute between JMA, TMG and Travelers) and interest from the date of judicial demand.

(Footnote omitted). Next, on March 18, 2022, the arbitrators entered an Order awarding JMA attorney's fees and arbitrator's fees and costs, which contained a clerical error. Lastly, on March 24, 2022, the arbitrators rendered a Final Award, correcting the amount of attorney's fees and costs to $510,896.23, which were comprised of $390,565.79 in attorney's fees and $120,330.44 in costs. TMG and Travelers were found jointly and severally liable to JMA for this amount.

On April 22, 2022, JMA filed in the district court a petition to confirm the arbitration awards. On May 17, 2022, TMG and Travelers filed a motion to vacate

the arbitration awards, arguing that the arbitrators erroneously: (1) failed to award TMG contractual setoff, and (2) failed to apply the contractual delay damages waiver. On June 8, 2022, JMA filed an opposition to the motion to vacate, contending that TMG and Travelers' motion was untimely. On June 14, 2022, TMG and Travelers filed a reply in support of their motion to vacate, in which they argued for the first time that the arbitration awards were null because the arbitration panel lost its authority to render an award three months after the matter was submitted to the panel.

A hearing went forward on June 16, 2022, at which the district court confirmed the arbitration awards and denied the motion to vacate the awards. On July 1, 2022, the district court signed a judgment to this effect. On July 13, 2022, TMG and Travelers filed a motion for new trial, which the district court denied on August 11, 2022. This appeal follows.

## LAW AND ANALYSIS

**Timeliness of Motion to Vacate Arbitration Awards**

As an initial matter, before we reach TMG and Travelers' assignments of error, JMA contends that TMG and Travelers forfeited judicial review of the arbitration awards, because their motion to vacate was untimely. While the district court denied the motion to vacate, it did not specifically address whether the motion was timely. Even so, "[a]n appellate court makes a *de novo* review of a district court judgment confirming or vacating an arbitration award." *Goodrich Petroleum Co., LLC v. MRC Energy Co.*, 13-1435, p. 12 (La. App. 4 Cir. 4/16/14),

4

137 So.3d 200, 207. A district court's ruling to confirm or vacate an arbitration award implicates a legal issue, and the question on appeal is simply whether that ruling was legally correct or incorrect. *Id.*, 13-1435, p. 13, 137 So.3d at 207. Therefore, we undertake an "independent review of the record and the issue of the timeliness" of the motion to vacate arbitration awards. *Lou-Con, Inc. v. Trans-Vac Sys., LLC*, 19-0576, pp. 4-5 (La. App. 4 Cir. 12/4/19), 2019 WL 6541881, at *3, --- So.3d ----, ---- (citing *Brice Bldg. Co. v. Southland Steel Fabricators, Inc.*, 15-1110, p. 3 (La. App. 4 Cir. 6/17/16), 194 So.3d 1285, 1288).

Louisiana Revised Statute 9:4213 requires that "[n]otice of a motion to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action." Compliance with La. R.S. 9:4213 "is dependent on the service of a motion to [vacate] and not on the filing of the motion." *Lou-Con, Inc.*, 19-0576, p. 6, 2019 WL 6541881, at *4, --- So.3d at ----.

The motion to vacate seeks to invalidate three successive arbitration rulings. The Interim Award is dated February 8, 2022; the Order is dated March 18, 2022; and the Final Award is dated March 24, 2022. The parties treat each of these dates, respectively, as the date when each award was "filed or delivered." The motion to vacate was filed and served on May 17, 2022, which was more than three months after the date of the Interim Award, but was within three months of the Order and Final Award.

The grounds, on which TMG and Travelers seek to vacate the arbitration awards, arise from matters decided in the February 8, 2022 Interim Award. The March 18, 2022 Order adjudicated only attorney's fees and arbitrators' fees and costs, which the arbitrators then corrected in the March 24, 2022 Final Award. Despite adjudicating the merits of the underlying matter submitted to it, the Interim Award left the matter open in anticipation of rendering a Final Award upon determining the attorney fee award and the appropriate allocation of the arbitrators' fees and costs. The relevant portion of the Interim Award reads as follows:

> After consideration of all of the issues disposed of herein, the Panel finds that JMA is entitled to payment from TMG (and Travelers to the extent payment is not made by TMG) in the amount of $1,172,960.32,[] plus reasonable attorney's fees, the costs of the proceeding (including costs paid to the AAA and for the arbitrators in connection with the dispute between JMA, TMG and Travelers) and interest from the date of judicial demand.

> The Arbitration record is left open at this time solely to address and finalize the attorneys' fees award, appropriate allocation of the Arbitrators' fees and costs of this proceeding. A Final Award as it relates to the claims described herein, addressing only the attorneys' fees award, allocation of the Arbitrators' fees and costs of this proceeding, will be rendered upon final calculation of those fees and expenses. The Panel asks that JMA submit an accounting of these amounts within seven calendar days of the issuance of this Award and TMG and Travelers may submit a response, if any, within five calendar days after JMA's submission.

> With the exception of the Arbitrator fees, attorneys' fees, the costs of this proceeding and any claims or defenses arising from or related to FQA's Supplemental Demand for Arbitration filed on August 16, 2021, this Award is made in full settlement of all claims and counterclaims submitted for decision during the evidentiary hearing held June 14-17, 2021.

(Footnote omitted).

We have found scant jurisprudence on the application of La. R.S. 9:4213, none of which provides us with guidance on timeliness relative to interim and final awards. JMA observes that La. R.S. 9:4213 draws no distinction between interim and final awards in determining timeliness. JMA also urges us to follow certain federal district court jurisprudence finding that an interim award is final, despite reserving the determination of attorney's fees for a later date, for the purpose of timeliness of a motion to vacate under the Federal Arbitration Act, 9 U.S.C. § 12.[1] TMG points to *Coastal Indus., LLC v. Arkel Constructors, LLC*, 21-0906, p. 13 (La. App. 1 Cir. 9/1/22), 350 So.3d 912, 923, *writ denied*, 22-01489 (La. 11/22/22), 350 So.3d 500, wherein a motion to vacate was filed within three months of a final award but later than three months after the interim award. This opinion neither addressed La. R.S. 9:4213 nor ruled upon timeliness of the motion to vacate.

Under the particular procedural circumstances presented, and in furthering principles of judicial efficiency, we see no reason to find TMG and Travelers' motion untimely where the challenged Interim Award expressly projected issuing an additional Final Award, which would complete the arbitrators' adjudication of the particular matter submitted. Holding otherwise would instead promote

---

[1] *See Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 8:05-CV-507-T-27-TGW, 2006 WL 1428319, at *4 (M.D. Fla. May 17, 2006); *Arriola v. Martinez*, No. 5:15-CV-1097-OLG, 2016 WL 8229283, at *6 (W.D. Tex. July 15, 2016). We have not found Louisiana case law arriving at this outcome. *Contrast Hall Steel Co. v. Metalloyd Ltd.*, 492 F. Supp. 2d 715, 719-20 (E.D. Mich. 2007)(collecting cases wherein "the courts have insisted upon some reason to overcome their usual resistance to piecemeal confirmation of a series of interim awards as each one is issued in an ongoing arbitration proceeding").

inefficient and piecemeal motion practice in response to a series of partial awards. We find nothing in the statute or jurisprudence that requires us to reach such a result, and we reject JMA's argument.

**Assignments of Error**

On appeal, TMG and Travelers raise three assignments of error as follows:

1. The District Court erred and/or exceeded its jurisdiction by confirming the Award because it was issued by the Panel more than three months after the final submission. Pursuant to Louisiana Civil Code articles 3105, 3121, 3123, and 3132, any arbitration award issued more than three months after submission is a nullity, and as such, the District Court had no authority to confirm the Award.

2. The District Court erred by failing to vacate that portion of the Award that denied TMG's unasserted claim for "legal setoff" under Louisiana Civil Code article 1893 but disregarded/ignored TMG's actual assertion of its right to withhold contract sums as a potential contractual setoff under Louisiana Civil Code article 1901.

3. The District Court erred by failing to vacate that portion of the Award that granted JMA damages for delay, disruption and/or acceleration after the Panel expressly acknowledged that JMA's waiver of such claims was "enforceable" under the JMA Subcontract, thereby exceeding the Panel's powers and exhibiting a "manifest disregard" of the controlling law of the parties and articles of the Civil Code.

**Judicial Review of Arbitration Awards**

Arbitration is a substitute for litigation, and its purpose is to settle the parties' differences in a fast, inexpensive manner and in a tribunal chosen by them. *Crescent Prop. Partners, LLC v. Am. Mfrs. Mut. Ins. Co.*, 14-0969, p. 7 (La. 1/28/15), 158 So.3d 798, 803-04 (quoting *Nat'l Tea Co. v. Richmond*, 548 So.2d 930, 933 (La. 1989)). "That purpose is thwarted when parties seek judicial review

8

of an arbitration award." *Id.* (quoting *Nat'l Tea Co.*, 548 So.2d at 933). Because of the strong public policy favoring arbitration in Louisiana, courts must presume that arbitration awards are valid. *Id.*, 14-0969, p. 6, 158 So.3d at 803; *Dicorte v. Landrieu*, 08-0249, p. 4 (La. App. 4 Cir. 9/10/08), 993 So.2d 799, 801. "Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties." *Crescent Prop. Partners, LLC*, 14-0969, p. 6, 158 So.3d at 803.

"[E]rrors of fact or law do not invalidate a fair and honest arbitration award." *Mack Energy Co. v. Expert Oil & Gas, L.L.C.*, 14-1127, p. 7 (La. 1/28/15), 159 So.3d 437, 442 (quotations omitted). "By consensually substituting arbitration for litigation, the parties are presumed to accept the risk of procedural and substantive mistakes of either fact or law by the arbitrators, which mistakes are not reviewable by the courts." *Goodrich Petroleum Co., LLC*, 13-1435, p. 3, 137 So.3d at 202-03.

"A district court's review of an arbitration award is extraordinarily narrow." *Id.*, 13-1435, p. 12, 137 So.3d at 207. "A court does not ordinarily sit in an appellate capacity over an arbitration panel"; instead; the district court is confined to determine only whether one or more specific grounds exists to invalidate the award as set forth in the applicable statute, La. R.S. 9:4210. *Crescent Prop. Partners, LLC*, 14-0969, p. 7, 158 So.3d at 804.

An arbitration award **must** be confirmed by the district court unless statutory grounds for vacating the award exist. *Goodrich Petroleum Co., LLC*, 13-1435, p. 3,

9

137 So.3d at 202. "The burden of proof rests upon the party attacking the award."

*Crescent Prop. Partners, LLC*, 14-0969, p. 7, 158 So.3d at 804.

The exclusive statutory grounds for vacating an arbitration award are listed in La. R.S. 9:4210 as follows:

> A. Where the award was procured by corruption, fraud, or undue means.
>
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
>
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
>
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Additionally, this Court has acknowledged a jurisprudentially-created ground for vacating an arbitration award, "manifest disregard of the law."[2] *See*

---

[2] TMG and Travelers suggest – by analogy to federal jurisprudence – that "manifest disregard of the law" is subsumed within the fourth statutory ground, La. R.S. 9:4210(D), whether the arbitrators exceeded their powers. They cite to *Citigroup Glob. Markets, Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009)(citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403, 170 L. Ed. 2d 254 (2008)), recognizing that "manifest disregard of the law" is not an independent basis for vacating arbitration awards under the Federal Arbitration Act. However, a scenario exists where "[b]ecause the arbitrator is fully aware of the controlling principle of law and yet does not apply it, he flouts the law in such a manner as to exceed the powers bestowed upon him. This scenario does not include an erroneous application of that principle." *Id.* at 357.

Among the Louisiana appellate courts, a circuit split exists as to whether "manifest disregard of the law" is a permissible ground on which a court can invalidate an arbitration award. The Louisiana Fourth and Fifth Circuits adopted this ground. *LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc.*, 03-1283, p. 15 (La. App. 4 Cir. 3/3/04), 869 So.2d 304, 312; *Webb v. Massiha*, 08-0226, p. 4 (La. App. 5 Cir. 9/30/08), 993 So.2d 345, 347. The First and Third Circuits did not. *JK Devs., LLC v. Amtek of Louisiana, Inc.*, 07-1825, pp. 5-6 (La. App. 1 Cir. 3/26/08), 985 So.2d 199, 202-03; *Brown v. Kabco Builders, Inc.*, 18-0928, pp. 6-7 (La. App. 3 Cir. 6/5/19), 274 So.3d 216, 223-24. As our Court has recognized "manifest disregard of the law," we discuss it.

*Welch v. A.G. Edwards & Sons, Inc.*, 95-2085, pp. 5-6 (La. App. 4 Cir. 5/15/96),

677 So.2d 520, 524.

**Nullity of Arbitration Awards**

TMG and Travelers argue that the arbitrators exceeded their powers or were

divested of jurisdiction when they failed to render an award within three months of

the date of submission. Consequently, they argue, the award is null, and the district

court lacked authority to confirm it. TMG and Travelers rely on the following

Louisiana Civil Code articles setting forth the scope of authority for arbitrators.

> If the submission does not limit any time, the power of the arbitrators may continue in force during three months from the date of the submission, unless the parties agree to revoke it.

La. C.C. art. 3105(A).

> Arbitrators can not exceed the power which is given to them; and if they exceed it, their award is null for so much.

La. C.C. art. 3121.

> The arbitrators ought to give their award within the time limited by the submission, and it would be null if it were given after the time is expired.

La. C.C. art. 3123.

> The submission and power given to the arbitrators are put at an end by one of the following causes:
>
> 1. By the expiration of the time limited, either by the submission or by law, though the award should not be yet rendered.
>
> 2. By the death of one of the parties or arbitrators.
>
> 3. By the final award rendered by the arbitrators.

11

> 4. When the parties happen to compromise touching the thing in dispute, or when this thing ceases to exist.

La. C.C. art. 3132.

TMG and Travelers insist that at no time did the parties agree to an extension of the three-month period provided in the Civil Code. We disagree. This three-month period only applies where "the submission does not limit any time." La. C.C. art. 3105(A). In the Subcontract, the parties agreed to the Construction Industry Arbitration Rules of the American Arbitration Association (the "AAA Rules"), and they submitted this matter to arbitration before the AAA. Notably, AAA Rule R-46[3] provides an even shorter deadline of 30 days for the panel to render its award:

> The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing, or if oral hearings have been waived, from the due date set for receipt of the parties' final statements and proofs.

The AAA Rules make clear, however, that the time for rendering an award can be extended by the parties or the AAA, and the parties can waive the right to object. In particular, AAA Rule R-40(c) states:

> The time limit in which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

Nevertheless, under AAA Rule R-42:

---

[3] The AAA Construction Industry Arbitration Rules, eff. July 1, 2015, are available at https://www.adr.org/sites/default/files/ConstructionRules_Web_0.pdf.

> Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

Louisiana case law on this issue is sparse. In at least two cases, the First Circuit Court of Appeal found, under very similar circumstances, that by agreeing to abide by the AAA Rules, the party challenging the arbitration award waived its right to complain of the delay by failing to object until the award was rendered against it. That court, examining much the same issue, reasoned that a "party should not be permitted to wait and see whether the arbitrator will rule in his or her favor before asserting his or her objection." *Anzalone v. Doan*, 540 So.2d 385, 386 (La. App. 1st Cir. 1989)(quotation omitted); *see also Smith v. Cazedessus*, unpub., 09-1111, p. 5 (La. App. 1 Cir. 2/12/10), 2010 WL 502841, at *3. "Therefore, although the award was untimely made, [the parties] waived their right to object by waiting until after the award was made." *Id.*[4]

We find no indication that TMG or Travelers lodged any objection with the arbitration panel to any delay in issuing its awards. Instead, more than three months after the evidentiary hearing, in the wake of the panel chairman's illness,

---

[4] We are neither bound nor persuaded by the cases cited by TMG and Travelers, as the circumstances of arbitration in those cases were much different. In *E. Baton Rouge Sewerage Comm'n v. Mostafa & Donna Khosravanipour Children's Tr. No. 1*, unpub., 08-0994 (La. App. 1 Cir. 2/13/09), 2009 WL 385586, no written arbitration agreement existed, and there was no provision fixing or extending the duration of the arbitrator's power, such that the court found his power was limited to the three-month period provided by La. C.C. art. 3105(A). In *Gulfco of Louisiana, Inc. v. Rousse Land Dev., Inc.*, 11-1802 (La. App. 1 Cir. 5/2/12), 92 So.3d 1014, there is no discussion of the arbitration provisions in the lease, and the opinion concludes that the arbitrator's decision was signed within three months of submission. The remaining cases merely recite the default provisions of the Civil Code, wherein, if the parties do not have an agreement fixing a specific time within which the arbitrators must render their award, the arbitrators are allowed three months. *See E.V. Benjamin Co. v. Royal Mfg. Co.*, 172 La. 965, 973, 136 So. 19, 21 (1931); *Hart v. Dupont*, 138 La. 15, 17, 69 So. 858, 858 (1915); *Lallande v. Bonny*, 13 La. 462, 464 (1839).

the parties agreed to submit the case to the two remaining arbitrators. Only after the award was rendered, while before the district court, TMG and Travelers raised their complaint that the award was null as untimely, in their reply memorandum in support of their motion to vacate. Under the AAA Rules to which the parties agreed, this argument is waived. We find no merit in their position that the arbitrators lost or exceeded their jurisdiction to issue their awards, such that the awards are null.

**Subcontract Claims**

TMG and Travelers contend that two grounds exist to vacate the arbitration awards: the panel (1) exceeded its authority, *see* La. R.S. 9:4210(D); and (2) manifestly disregarded the law. *See Welch*, 95-2085, pp. 5-6, 677 So.2d at 524. In their second and third assignments of error, TMG and Travelers make two arguments in which they claim that both of these grounds apply. These arguments implicate (1) the denial of a setoff to TMG; and (2) the award of damages to JMA for lost productivity due to schedule compression.

**Setoff**

TMG and Travelers argue that the panel erroneously denied its contractual setoff claim. In analyzing this issue, we first examine the permissible grounds for vacating an arbitration award under Louisiana law, and we then determine whether the contractual setoff claim falls within those grounds.

We now look to the particular grounds that TMG and Travelers claim. The question of whether the arbitrators exceeded their powers is a legal issue. *Goodrich*

14

*Petroleum Co., LLC*, 13-1435, p. 3, 137 So.3d at 202. The arbitrators' authority extends only to the things contained in the submission, "unless it has been stated that they shall have power to decide all disputes which may arise between the parties in the course of the arbitration." La. C.C. art. 3122. Arbitrators derive their authority to resolve disputes only because the parties agreed in advance to submit such grievances to arbitration. *Preis Gordon, APLC v. Chandler*, 15-0958, p. 7 (La. App. 1 Cir. 2/26/16), 191 So.3d 31, 36 (citing *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648-49, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)). As the Supreme Court has explained the inquiry, "we are not revisiting how or why the arbitrator arrived at an award . . . . Instead, we examine whether the arbitrator had the contractual authority to issue that award." *Mack Energy Co.*, 14-1127, p. 9, 159 So.3d at 442. "An appellant may not actually seek review of the merits of the case by couching its argument in terms of arbitrators having exceeded their authority." *Id.*, 14-1127, p. 17 (La. 1/28/15), 159 So.3d at 447 (quoting *Gilbert v. Robert Angel Builder, Inc.*, 45,184, p. 6 (La. App. 2 Cir. 4/14/10), 34 So.3d 1109, 1113-14)(other citations omitted).

"A manifest disregard of the law refers to error which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator." *Strategic Plan. Assocs., L.L.C. v. Core Constr. Servs., L.L.C.*, 18-0176, p. 3 (La. App. 4 Cir. 9/19/18), 256 So.3d 330, 333 (quoting *Bottle Poetry, LLC v. Doyle Rest. Grp. Franchise Co., LLC*, 13-0406, p. 3 (La. App. 4 Cir. 1/15/14), 133 So.3d 60, 64). The doctrine implies that the arbitrator appreciates

15

that a clearly governing legal principle exists but the arbitrator decides to ignore it. *Welch*, 95-2085, p. 6, 677 So.2d at 524. However, mere error of law, alone and without more, is insufficient to qualify as "manifest disregard of the law." *Id.* Our Court has recognized that where "[t]here is no allegation or proof of dishonesty, bias, or any conscious attempt to disregard Louisiana law[,] … no showing of a 'manifest disregard of the law' has been demonstrated." *Id.*

Next, we look to whether TMG and Travelers' arguments fall within the permissible grounds for vacating an arbitration award. They argue that TMG bargained for, and was denied, contractual setoff as provided under Article 6.1 of the Subcontract, which states:

> 6.1 Notwithstanding anything to the contrary contained herein, TMG shall have the right, without any duty, to withhold from any payments due or become due the Subcontractor such amounts as TMG in its sole discretion deems necessary to protect TMG's interest with respect to (i) **any indebtedness owed by the Subcontractor to TMG on this or any other contract**; (ii) any defective work not remedied or any defective materials not removed and replaced; (iii) any third-party claims filed or reasonable evidence indicating probable filing of any such claims; (iv) any Liens in favor of any workers, suppliers of material or laborers; (v) a claimed failure of the Subcontractor to make any payments to its Sub-subcontractors, suppliers, or laborers; (vi) reasonable doubt that the work can be completed for the unpaid balance of the Subcontract Sum; (vii) reasonable indication that work will not be completed within the Project Schedule; (viii) unsatisfactory or untimely prosecution of the work by the Subcontractor; (ix) any failure of the Subcontractor to comply with this Subcontract; (x) any loss, penalty, damage, or attorney's fees associated with the Subcontractor or the Work, which arises out of or In connection with the Subcontractor's Work; (xi) the negligent or willful misconduct of the Subcontractor or any of its representatives, sub-subcontractors, or suppliers or any

other person or entity directly or indirectly employed by any of them or anyone for whose acts or omissions any of them may be liable; and/or (xii) any set off to which TMG is legally entitled.

(Emphasis added).

They argue that this provision entitled TMG to "withhold any amounts the Panel found JMA may have been owed from the FQA Arbitration until the final disposition of certain setoff amounts alleged by TMG in connection with the Jung Litigation." TMG and Travelers contend that they presented evidence of deductive change orders from the Jung Litigation totaling $627,925.37 owed by JMA to TMG. In the Interim Award, the panel of arbitrators reasoned:

> TMG has claimed an offset against any award to JMA in this arbitration as a result of claims arising from the Jung Hotel project. In order for TMG to be entitled to offset backcharges from another project against amounts owed to JMA on this project, Article 6.1 of the Subcontract requires that the amount to be offset must be "owed." The Panel finds that there has been no determination that any amount is owed by JMA to TMG on the Jung Project or on this Project in connection with FQA's most recent allegations. These amounts have not yet been liquidated, are contested and, therefore, speculative. Accordingly, the Panel is of the opinion that TMG has no right to offset those amounts at this time. *Admin-Media, LLC v. AC of Lafayette, L.L.C.*, 2019-691 (La. App. 3 Cir. 03/11/20), 297 So.3d 44.

TMG and Travelers assert that the arbitrators erroneously denied their **contractual** setoff claim, and instead found TMG was not entitled to **legal** setoff, which was not at issue. Legal setoff or "compensation" is provided under La. C.C. art. 1893 as follows:

> Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.

17

> In such a case, compensation extinguishes both obligations to the extent of the lesser amount….

Contractual setoff is set forth in La. C.C. art. 1901, which states:

> Compensation of obligations may take place also by agreement of the parties even though the requirements for compensation by operation of law are not met.

TMG and Travelers rely on *Hamp's Constr., L.L.C. v. 1031 Canal, L.L.C.*, 18-0686, p. 9 (La. App. 4 Cir. 2/27/19), 2019 WL 959821, at *5, --- So.3d ----, ---- (citing *Buck's Run Enterprises, Inc. v. Mapp Constr., Inc.*, 99-3054, p. 5 (La. App. 1 Cir. 2/16/01), 808 So.2d 428, 432), to argue that even though the amounts TMG claimed were not liquidated[5] and TMG was not entitled to legal setoff, compensation of obligations may take place by agreement of the parties (contractual setoff). Neither cited case involves arbitration.

TMG and Travelers point to Article 16.10 of the Subcontract, which provides that "Any and all disputes arising out of this Subcontract are governed by Louisiana law." According to their argument, because the parties contracted to the applicability of Louisiana law, which provides for contractual setoff (as expressly differentiated from legal setoff), the panel had no authority to ignore the law.

Assuming arguendo that the arbitration panel erred in applying the principles of legal setoff instead of contractual setoff, the record lacks any evidence that such an error was anything more than simply an error of law. *See, e.g., Welch*, 95-2085, p. 6, 677 So.2d at 524. It is well-settled that a fair and honest arbitration award can

---

[5] "A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. *Id.*, 18-0686, p. 4, n. 3, 2019 WL 959821, at *2, --- So.3d at ---- (citing *Am. Bank v. Saxena*, 553 So.2d 836, 844 (La. 1989)).

only be challenged on limited, enumerated statutory grounds, and those grounds do not include errors of law or fact. *Crescent Prop. Partners, LLC*, 14-0969, pp. 6-7, 158 So.3d at 803-04.[6] The district court was confined, and we are likewise restrained, to determine only whether the specific grounds for invalidation of the award exist. *See id.* TMG and Travelers failed to satisfy their burden to prove that a statutory basis exists under La. R.S. 9:4210 to vacate the arbitration award, and we cannot discern that the arbitrators manifestly disregarded the law or exceeded their authority in undertaking to arbitrate the issues placed before them by the parties. Neither party claims that the arbitrators resolved a dispute not submitted for arbitration. We find this assignment without merit.

**Delay Damages Waiver**

TMG and Travelers lastly argue that the arbitrators improperly disregarded the Subcontract's waiver of damages for delay, disruption, and/or acceleration and erroneously awarded JMA damages for lost productivity due to schedule compression. Section 4.8 of the Subcontract states:

> 4.8 Should TMG delay Subcontractor's Work, Subcontractor shall only be entitled to an extension of time equal to the duration of any such delay, but such extension shall be limited to that amount of time which will enable Contractor to meet its obligation to Owner to complete the Project in accordance with the Contract Documents, if and then only if written notice of a claim for delay is made to TMG within Forty Eight (48) hours

---

[6] TMG and Travelers cite to *KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, 06-359, p. 7 (La. App. 5 Cir. 10/31/06), 946 So.2d 174, 178, wherein the Louisiana Fifth Circuit Court of Appeal vacated an arbitration award for exceeding the arbitrator's authority. We find this case inapposite as the *KeyClick* arbitration agreement specifically prohibited the arbitrator from "mak[ing] material errors of law" or "refus[ing] to enforce any agreements between the parties." No such language is present in the Subcontract arbitration agreement, and we cannot follow *KeyClick* on its unique facts.

from the commencement of any such delay. Subcontractor acknowledges and agrees that it will not be entitled to any compensation for delays, disruptions or acceleration of Subcontractor's work as a result of any action or inaction on the part of TMG, and Subcontractor's sole remedy under any such circumstance is an extension of time, when appropriate.

The arbitrators found that Section 4.8 was enforceable; however, it did not apply to the facts of this case. Specifically, they reasoned:

Without receiving an extension of time equal to the duration of the delay as contemplated by Article 4.8, JMA did not receive the relief for which it agreed to waive its claim for damages. Instead of a time extension, TMG compressed the schedule. Mr. Staley, TMG's scheduling expert, confirmed that despite the extension from the owner, TMG still had a desire to finish in May and that the stacking of the work and dependency on the completion of precedent work caused inefficiency and extra costs.

TMG and Travelers argue that the arbitrators acknowledged the provision barring delay damages and manifestly disregarded it, which the arbitrators had no authority to do. They cite to *Preis Gordon, APLC*, 15-0958, pp. 8-9, 191 So.3d at 37, to contend that the remedy fashioned by the arbitration panel (there, an award of attorney's fees) lacked any basis in the contract governing the parties' dispute. However, what the *Preis Gordon, APLC* court instead determined was that the parties had not agreed to arbitrate the specific dispute of attorney's fees in favor of the defendants, such that the arbitrator exceeded his powers in making the particular award.

Our reading of the Interim Award reveals nothing more than the arbitrators' perception that the facts of JMA's claim fell outside of the factual circumstances in which the delay damages waiver applied. TMG and Travelers' argument is merely

20

a contract misinterpretation claim, which again is not reviewable by the district court or this Court. The Supreme Court has been explicit that "misinterpretation of a contract by an arbitration panel is not subject to judicial correction." *Nat'l Tea Co.*, 548 So.2d at 933. "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." *Coastal Indus., LLC*, 21-0906, p. 13, 350 So.3d at 923 (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001))(other citations omitted). "[E]ven 'serious error' on the arbitrator's part does not justify overturning his decision, where … he is construing a contract and acting within the scope of his authority." *Id.*, 21-0906, p. 13, 350 So.3d at 923 (quoting *Garvey*, 532 U.S. at 510, 121 S.Ct. at 1729). As stated, "[e]rrors of fact or law do not invalidate a fair and honest arbitration award." *Nat'l Tea Co.*, 548 So.2d at 932. Again, there has been no claim herein that the arbitrators decided any matter that had not been submitted to them for arbitration. This assignment falls outside of the permissible grounds for vacating an arbitration award, and thus, it lacks merit.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, the judgment of the district court is affirmed.

**AFFIRMED**